Karen MACHHOLZ–PARKS,
Plaintiff–Appellant,

v.

David SUDDATH, Michael Arnold, Anna
Arnold, Craig Miller, and Joetta Miller,
Defendants–Respondents,

and

Ray Leitch, Jr., Third–Party Defendant.

No. 19167.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1994.

James H. Arneson, Daniel R. Wichmer, Miller & Sanford, Springfield, for plaintiff-appellant.

June Clark, Mary H. Neal, Carmichael, Carlson, Gardner & Clark, Springfield, for defendant-respondent David Suddath.

Michael D. Mayes, Schmidt, Kirby & Sullivan, Springfield, for defendants-respondents Michael and Anna Arnold.

SHRUM, Chief Judge.

Based upon adverse possession principles, the trial court sustained a motion for summary judgment filed by defendant, David Suddath (Suddath), thereby vesting him with title to real estate approximately 15 feet wide off the north and east side of land described in Plaintiff, Karen Machholz–Parks's deed. Plaintiff appeals.[1]

We reverse the trial court's order sustaining Suddath's motion for summary judgment because the motion is defective and there is no factual basis for the arguments Suddath advances in support of the order sustaining it.

## BACKGROUND FACTS

On May 31, 1985, Plaintiff[2] purchased real estate from Mary E. Hogh, a rectangular tract measuring 53 rods east and west and 17 rods north and south out of the southwest corner of the SW ¼ of the NE ¼ of section 28, township 29, range 23 (tract B). On August 29, 1985, Suddath bought adjoining land from Mar–Gale Farms, Limited, a corporation. Suddath's deed described his land as all of the SW ¼ of the NE ¼ of section 28, township

---

1. On July 27, 1993, the trial court ruled claims other than Count I of Suddath's counterclaim, but did not rule all claims as to all parties. The trial court (a) overruled the defensive motion for summary judgment filed by Plaintiff and Leitch; (b) sustained Arnolds' defensive motion for summary judgment as to Counts II and III of Plaintiff's petition; (c) entered summary judgment against Plaintiff and for defendants "on plaintiff's petition and application for preliminary injunction for the reason that plaintiff's claims and causes of action fail due to adverse possession," and (d) entered summary judgment against Plaintiff and for all defendants on Count III of defendant's counterclaim. It did not rule the third-party petition claims against Leitch.

Although not always expressly so stated, the trial court's ruling of the claims mentioned in paragraphs (a), (b), (c), and (d) of this note appears to hinge on its sustention of Suddath's motion for summary judgment on Count I of Suddath's counterclaim, i.e., declaring Suddath owned the disputed strip by adverse possession. As the parties have apparently done, we interpreted the trial court's modified order of November 8, 1993, as according finality to only one claim, Count I of Suddath's counterclaim. As the trial court did not apply Rule 74.01(b) to its other July 1993 rulings, those orders are not final, and thus, are not before us.

2. Plaintiff and her husband, Larry Dean Parks, took title as tenants by the entirety. Larry Dean Parks is now deceased.

29, range 23, except the 53 by 17 rod parcel owned by Plaintiff and except a part taken for I–44 highway (tract A).

In 1987, Suddath subdivided tract A, following which he sold one subdivided parcel to Michael and Anna Arnold (Arnolds) and another to Craig and Joetta Miller (Millers). In 1992, Plaintiff sued Suddath, Arnolds, and Millers for damages based upon trespass theories, alleging they had entered upon and cut trees from a 15 foot wide parcel on the north and east side of Plaintiff's land "between the legal boundary lines established within the Warranty Deeds and a fence which is on the property owned by [Plaintiff]." She also asked that all defendants be permanently enjoined from future trespasses on her land.

Suddath denied the trespass claims and alleged in Count I of his counterclaim that, through adverse possession, he owned all land described in Plaintiff's deed that was north and east of an existing fence (a strip approximately 15 feet wide throughout). In Count II of a counterclaim, all defendants sought damages from Plaintiff for her alleged trespass, and in Count III they sought injunctive relief. Finally, in a third-party action against Ray Leitch, Jr. (Leitch), the defendants sought damages for his alleged trespass on their land (Count I) and injunctive relief (Count II).

Various motions for summary judgment were filed by the parties, including Suddath's cross motion on Count I (his claim to ownership by adverse possession). As part of its July 27, 1993, order, the trial court ruled favorably to Suddath on the adverse possession issue thusly:

> "2. Defendant David Suddath's Cross Motion for Partial Summary Judgment is sustained.
>
> . . . .
>
> 6. An interlocutory order of summary judgment is hereby entered against plain-

tiff and in favor of defendant . . . Suddath on Count I of defendants' counterclaim and Petition to Quiet title in that . . . Suddath is entitled to an order of this Court vesting title to the disputed strip of real estate in . . . Suddath in fee simple absolute by reason of adverse possession. . . ." [3]

On October 25, 1993, the trial court "made final" its interlocutory order of July 27, 1983, and declared title to the disputed tract, as described pursuant to survey, vested in Suddath by adverse possession. Later, on November 8, 1993, the trial court modified its summary judgment order of October 25, 1993, declaring it "final for purposes of appeal," stating there was no just reason to delay an appeal. Rule 74.01(b). Plaintiff timely appealed.

## DISCUSSION AND DECISION

*Adequacy of Summary Judgment Motion*

■ Rule 74.04(c) requires that a motion for summary judgment "shall state with particularity the grounds" for the motion. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). As interpreted, the rule requires a concise description, complete with references to the supporting portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," of the movant's claim of entitlement to "judgment as a matter of law." *Id.*

A motion for summary judgment that fails to comply with Rule 74.04(c) is defective and an order sustaining such a motion must be reversed and remanded.[4] *Partney v. Reed*, 839 S.W.2d 694 (Mo.App.1992); *Johns*, 802 S.W.2d at 197.

■ Here, for Suddath's motion to meet the "particularity requirement" of Rule 74.04(c), it must address each element of

---

3. The trial court denominated its order as interlocutory because a surveyed description of the disputed land was not in evidence. It ordered Suddath to provide a "certified survey of the disputed strip" within fifteen days, with the proviso that if disagreement arose about the legal description thus furnished, the trial court would set a hearing on that issue.

4. The purpose of requiring the motion to state the grounds with particularity is set forth in *Barkley v. Carter County State Bank*, 791 S.W.2d 906, 915 (Mo.App.1990). *See also Johns v. Continental Western Ins. Co.*, 802 S.W.2d 196, 199 (Mo.App.1991); *Commerce Bank of Joplin, N.A. v. Willis*, 785 S.W.2d 787, 788 (Mo.App.1990).

adverse possession and support each element with admissible facts from supporting documents showing Suddath's right to "judgment as a matter of law." *See ITT Commercial Finance,* 854 S.W.2d at 380. To establish title to a disputed tract of land by adverse possession, a claimant must prove by a preponderance of the evidence that the possession of the occupier or user was (1) hostile, that is, under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of ten years. *Whites v. Whites,* 811 S.W.2d 844, 847[2] (Mo.App.1991). *See also Witt v. Miller,* 845 S.W.2d 665, 667 (Mo.App.1993). When a claimant fails to prove even one of these elements, his claim of ownership by adverse possession is ·defeated. *Witt,* 845 S.W.2d at 667[2].

In Point II, Plaintiff argues that "Suddath's motion for summary judgment ... was deficient as a matter of law in that [it] did not demonstrate undisputed facts ... that [show] he was entitled to judgment as a matter of law on his claim of adverse possession." Among her claims, Plaintiff asserts that Suddath's motion fails to address the "exclusive possession" element of adverse possession and lacks citation to undisputed facts that support that element. Because that argument is dispositive of this appeal, we examine it first.

■ The element of "exclusive possession" means that the claimant must show that he held possession of the land for himself, as his own, and not for another. *Walker v. Walker,* 509 S.W.2d 102, 106[2] (Mo.1974); *Whites,* 811 S.W.2d at 847[3]. To meet this burden, a claimant must prove that he wholly excluded the owner from possession for the required period. *Lohrmann v. Carter,* 657 S.W.2d 372, 377[9] (Mo.App.1983). *See Fiorella v. Jones,* 259 S.W. 782, 785 (Mo.1924). This does not mean that mere sporadic use, temporary presence, or permissive visits by others (including the title holder), will defeat a claim of exclusive possession. *Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 393 (Mo.App.

1984). However, the burden remains on the claimant to prove that the ground was not open to the use of others and was not jointly possessed with others. *Id. See Lohrmann,* 657 S.W.2d at 377[8].

With those principles in mind, we examine the pertinent portion of Suddath's motion for summary judgment. The body of his motion reads:

"Comes now ... Suddath ... and moves the court for an order granting summary judgment in favor of defendants on ... [Count] I ... of defendants' counterclaim for the reason that there is no genuine issue of material fact and this defendant is entitled to summary judgment as a matter of law, as more fully set forth in the suggestions in support of this motion, filed contemporaneously herewith and incorporated by reference as though fully as set forth herein."

■ It is at once obvious that the body of Suddath's motion for summary judgment does not satisfy the requirement of Rule 74.04(c) that a motion for summary judgment shall state with particularity the grounds therefor. *See Johns,* 802 S.W.2d at 198[2]. Without more, the motion itself is merely a legal conclusion which uses some language of the third sentence of Rule 74.04(c). 802 S.W.2d at 198[1].

■ As he stated in his motion, Suddath did attach written suggestions in support of his motion for summary judgment. Moreover, Suddath filed a second set of written suggestions in support.[5] Affidavits and an excerpt of Suddath's deposition were filed as part of the suggestions. We identify those supporting documents as follows:

First Set of Written Suggestions:

Exh. A–1  Excerpt from Suddath's deposition

Exh. B–1  Affidavit of Gale Stevenson, corporate officer of Mar–Gale Farms,

---

**5.** Rule 55.12 reads: "Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. An exhibit to a pleading is part thereof for all purposes." We treat both sets of "suggestions" as a pleading or an exhibit to a pleading within the meaning of Rule 55.12 and examine them as part of Suddath's motion for summary judgment. *See Johns,* 802 S.W.2d at 198[2].

Limited (Mar–Gale being Suddath's predecessor in title to tract A).

Second Set of Written Suggestions:

Exh. A–2 Affidavit of Charles Robert Moore, owner of tract A between 1955 and 1963.

Exh. B–2 Affidavit of Donald Stroble, farm manager for Mar–Gale Farms, March 1972–1977 or 1978; co-lessee of Mar–Gale land (tract A) for 2 or 3 years after 1977 or 1978.

Exh. C–2 Affidavit of Gerald Downey, lessee of tract A from Mar–Gale Farms, 1977–1985.

Exh. D–2 Affidavit of David Suddath

Upon careful reading and examination of Suddath's suggestions, we find no discussion of the "exclusive possession" element of adverse possession nor do we find references to supporting portions of the depositions or affidavits that support that element. Their absence may best be explained from the fact that Suddath's supporting affidavits and deposition excerpt fail to present facts that support an "exclusive possession" argument.

In the referenced portions of his deposition and affidavit, Suddath established that (a) he understood fence lines shown to him in 1985 were boundary lines of tract A; (b) from 1985 through 1987, he mowed all the disputed area extending to "the fence line"; (c) after 1987 he and Arnolds mowed all that area, and (d) his use of the disputed area (described only as mowing, cutting hay, cutting some bushes and weeds) was done openly without objection from Plaintiff. However, such evidence does not establish that Suddath excluded other persons, including Plaintiff, from other uses of the disputed area. That Suddath and Arnolds openly mowed all the disputed area after 1985 and that Plaintiff knew of that use, is not unequivocal, undisputed, affirmative proof that the ground was not used by Plaintiff for other purposes or in another manner. *Cf. Ortmeyer*, 680 S.W.2d at 393.

Through Gale Stevenson's affidavit, Suddath presented evidence that (a) Stevenson had been an officer and stockholder of Mar–Gale Farms, a corporation that owned tract A from 1963 through 1985; (b) Stevenson "farmed the property to an *existing fence* dividing the corporation's property from the Hogh's property" [6] (emphasis ours) by initially sowing alfalfa all the way to the fence line and thereafter harvesting it three to five times per year, and (c) Hoghs were aware of Stevenson's farming of the property "to the fence line." However, Stevenson fails to establish in his affidavit that Mar–Gale excluded other persons, including Hoghs (then owners of tract B), from other possible usage of the disputed area. That Mar–Gale, through its employees and lessees, planted and harvested alfalfa to an undefined fence line is not affirmative proof that the ground was not used by Hoghs for other purposes or in another manner. Thus, Stevenson's affidavit furnishes no facts tending to establish that Mar–Gale's usage was exclusive and is deficient for the same reason that Suddath's deposition and affidavit are deficient.

In his affidavit Moore stated that while he owned tract A, "Hoghs did not use the property on [Moore's] side of *the fence*." (Our emphasis.) Stroble's affidavit stated that from 1972 through 1980 or 1981, "Hogh never used the property on Mar–Gale Farms' side of *the fence*" (emphasis added) and he "never saw Fred or Mary Hogh use any part of the land north or east of *their fence*." (Emphasis ours.) In a similar vein, Gerald Downey swore in his affidavit that he "never saw Fred or Mary Hogh use any part of the land north or east of *their fence*." (Emphasis added.) However, wholly absent from their affidavits, and indeed from the entire record, is any identification of *the fence* referred to by each affiant as the same fence that now encloses the disputed area. Neither, in these latter affidavits nor elsewhere, is there evidence that establishes, or from it can reasonably be inferred, that the present fence has been maintained in the same location and position for the statutory period of ten years. Thus, while Moore's affidavit provides some affirmative evidence that for the eight years he owned tract A, he had "exclusive possession" to the fence, it is not affirmative evidence that he had exclusive posses-

6. The Hoghs were Plaintiff's predecessor in title.

sion of what is now the disputed tract. That same deficiency exists in the affidavits of Downey and Stroble.

It may well be that the present fence has been in the same location and position since 1955. It may also be that tract A owners have wholly excluded the tract B owners from possession of the disputed area, as demarcated by the present fence, for the required period. The fact remains, however, that the record does not support a finding of exclusivity for the required period and, without it, the judgment has no factual basis for finding that Suddath is vested with title to the disputed strip through adverse possession.[7]

The judgment is reversed and remanded.

FLANIGAN and PREWITT, JJ., concur.

---

7. Of necessity, a case that turns upon proving or disproving ownership to real estate by adverse possession principles involves difficult issues of proof relating to matters which happened over at least a ten year period. *See* T. Hellmuth, 18 Mo.Prac. *Real Estate Law*, § 71, n. 3 (1985). Upon remand, we anticipate that the able counsel in this case will engage in additional discovery, especially from prior owners of tracts A and B, thus clarifying and providing more facts than are now in the record via one- or two-page affidavits. Under the circumstances, for us to decide other issues presented by this appeal would amount to little more than our rendering an advisory opinion, which we decline to do. *See In re Marriage of DuBois*, 875 S.W.2d 223, 226[2] (Mo.App.1994).