Curtis C. RODGERS and Linda J. Rodgers, Husband and Wife, Respondents,

v.

Robert G. THRELKELD and Margean Threlkeld, Husband and Wife, Appellants.

No. WD 56759.

Missouri Court of Appeals, Western District.

Oct. 12, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 23, 1999.

G. Edwin Procter, Jr., Kansas City, for respondents.

Wayne E. Schirmer, Moberly, for appellants.

Before: ULRICH, P.J., and EDWIN H. SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Robert G. and Margean Threlkeld appeal from the judgment of the Circuit Court of Macon County granting summary judgment to the respondents, Curtis C. and Linda J. Rodgers, on their petition to quiet title based on adverse possession, to a small tract of land, which was located in Macon County, Missouri, and was the subject of a boundary dispute between the parties, and on the appellants' counterclaim to eject the respondents from the property.[1]

---

1. In their petition, the respondents sought not only to quiet title to the land, but also injunctive relief and monetary damages for the removal of an existing fence by the appellants. Consequently, their motion for summary judgment to quiet title was a motion for "par-

The appellants raise four points on appeal. In their first three points, they attack the trial court's grant of summary judgment as to both the respondents' quiet title action and the appellants' counterclaim for ejectment. In doing so, however, they do not specifically discuss the propriety of summary judgment as to their ejectment counterclaim, but only the propriety of summary judgment with respect to the respondents' suit for quiet title. In taking this approach, we assume that they are relying on the fact that the success of their appeal, as to the denial of their counterclaim, is wholly dependent on whether the trial court was correct in granting the respondents' motion for summary judgment on their action to quiet title.

The appellants claim in Points I, II and III that the circuit court erred in granting the respondents' motion for summary judgment as to their quiet title action because: (1) the pleadings, depositions, and supporting affidavits relied upon by the respondents for summary judgment did not establish that there were no genuine disputes as to the material facts on which they had the burden of persuasion at trial in order to succeed on their quiet title action based on adverse possession; (2) the affidavits offered in support of the respondents' motions for summary judgment did not comply with Rule 74.04;[2] and (3) the respondents did not comply with Rule 74.04 in that they did not plead undisputed facts sufficient to defeat the appellants' affirmative defense to the respondents' quiet title action. In their Point IV, the appellants claim that the trial court erred in entering summary judgment for the respondents on their quiet title action because the legal description used in its judgment quieting title in the respondents is at odds with the one found in the

pleadings, depositions, and supporting affidavits relied upon by the respondents for summary judgment.

We reverse and remand.

### Facts

The respondents have owned approximately 6,000 acres of land located in Randolph and Macon Counties since 1981. In 1997, the appellants purchased a tract of land adjoining the western side of the respondents' property. When the property was surveyed, the appellants discovered that a fence was located approximately 375 feet to the west of the eastern boundary of their property. The appellants tore down the fence and erected a new one on what was surveyed as their eastern boundary line. Soon thereafter, the respondents tore down the appellants' fence and put up a new wire fence in the same vicinity of the old fence.

On March 13, 1998, the respondents filed a petition to quiet title to the disputed land in the Circuit Court of Macon County, Missouri, alleging that they had acquired the land through adverse possession, as provided in § 516.010.[3] In their petition, the respondents, in addition to their request to quiet title to the land, prayed for injunctive relief and damages. In their answer to the petition, the appellants denied the respondents' allegations of adverse possession and alleged an affirmative defense that a portion of the disputed tract of land was "railroad right-of-way property and therefore lands granted and appropriated to a public use and that such portion of property [was] not subject to adverse possession as set forth in 516.090 RSMo." In their answer, the appellants also pled a counterclaim for ejectment.

---

tial" summary judgment. An order awarding partial summary judgment is not a final appealable judgment. Rule 74.01(b), Missouri Rules of Civil Procedure (1998). However, after the trial court awarded them partial summary judgment on their quiet title action and full summary judgment on the appellants' counterclaim for ejectment, the respondents

dismissed their claim for monetary damages, resulting in a final appealable judgment.

**2.** All rule references are to the Missouri Rules of Civil Procedure (1998).

**3.** All statutory references are to RSMo 1994, unless otherwise indicated.

On October 23, 1998, the respondents filed a motion for partial summary judgment as to their petition to quiet title and for full summary judgment on the appellants' counterclaim for ejectment. In their motion, the respondents did not address the appellants' affirmative defense. On December 9, 1998, the circuit court sustained the respondents' motions for partial and full summary judgment, after which the respondents dismissed their claim for monetary damages.

This appeal follows.

## Standard of Review

Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 377.

When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* at 376 (citations omitted).

## I.

Because our disposition of the appellants' Point III is dispositive of their appeal, we will address it alone. In Point III, the appellants claim that the trial court erred in granting summary judgment to the respondents on their quiet title action because they did not comply with Rule 74.04, in that they did not plead undisputed facts sufficient to defeat the appellants' affirmative defense to the respondents' quiet title action. We agree.

■ To be entitled to summary judgment as a claimant under Rule 74.04, the movant must establish (1) that there is no genuine dispute as to the material facts on which he or she has the burden of persuasion at trial, and (2) that based on these undisputed facts, he or she is entitled to judgment as a matter of law.[4] *ITT Commercial Fin.*, 854 S.W.2d at 380–81. Hence, to make a *prima facie* case for summary judgment on their claim to quiet title based on adverse possession, the respondents were required to show with undisputed facts, using the pleadings, discovery and/or affidavits, each and every element of their claim, entitling them to judgment thereon as a matter of law. *Id.*; Rule 74.04(c)(1).

■ To succeed on their quiet title action, the respondents had the burden of proving that they had title to the disputed tract, which title was superior to that of the appellants. *Ollison v. Village of Climax Springs*, 916 S.W.2d 198, 203 (Mo. *banc* 1996). As such, they must prevail on the strength of their title, rather than on the weakness of the appellants. *Id.* To establish their superior right to title, the respondents relied on a claim of adverse possession, which is governed by the ten-

---

4. Under the present Rule 74.04, the allegations in a motion for summary judgment are no longer required to be established by unassailable proof, as asserted by the appellants in their brief. *Rodgers v. Czamanske*, 862 S.W.2d 453, 457 (Mo.App.1993) (*citing ITT Commercial Fin.*, 854 S.W.2d at 378).

year statute of limitations under § 516.010. *Boyles v. Missouri Friends of the Wabash Trace Nature Trail, Inc.,* 981 S.W.2d 644, 650–51 (Mo.App.1998) (*citing St. Louis–San Francisco Ry. Co. v. King,* 329 Mo. 1203, 50 S.W.2d 94, 98 (Mo.1932)). Consequently, to make a *prima facie* case for summary judgment on their quiet title action, the respondents were required to show with undisputed facts each and every element of their claim of adverse possession. *ITT Commercial Fin.,* 854 S.W.2d at 381. To prove their adverse possession claim, the respondents were required to demonstrate that their possession of the disputed tract of land was hostile under a claim of right, actual, open and notorious, exclusive, and continuous for a period of ten years. *Boyles,* 981 S.W.2d at 650.

■ Even assuming, *arguendo,* that the respondents alleged undisputed facts establishing the elements of their quiet title action based on adverse possession, in order to make a *prima facie* case for summary judgment, they were also required under Rule 74.04 to negate any affirmative defense properly pled by the appellants. *ITT Commercial Fin.,* 854 S.W.2d at 381. This is so in that, where the non-movant has raised an affirmative defense, as in the present case, the movant's right to summary judgment on his or her claim depends just as much on the non-viability of the non-movant's affirmative defense as it does on the viability of the movant's claim. *Id.* It does not matter that the non-movant will bear the burden of persuasion on the affirmative defense at trial. *Id.* As stated by the Missouri Supreme Court in *ITT Commercial Finance Corp.:*

> a claimant moving for summary judgment in the face of an affirmative defense must also establish that the affirmative defense fails as a matter of law. Unlike the burden of establishing *all* of the facts necessary to his claim, however, the claimant may defeat an affirmative defense by establishing that *any one* of the facts necessary to support the defense is absent. At this stage of the

proceeding, the analysis centers on Rule 74.04(c); it is irrelevant what the non-movant has or has not said or done. *Id.*

■ An affirmative defense seeks to defeat or avoid the plaintiff's cause of action, and avers that even if the allegations of the plaintiff's petition are taken as true, he or she cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged. Rule 55.08; *ITT Commercial Fin.,* 854 S.W.2d at 383; *Farm Bureau Town & Country Ins. v. Hilderbrand,* 926 S.W.2d 944, 948 (Mo.App.1996). Rule 55.08 provides, in pertinent part, that "[i]n pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances." Accordingly, in their answer to the respondents' petition to quiet title, the appellants alleged the affirmative defense that a portion of the disputed tract of land was "railroad right-of-way property and therefore lands granted and appropriated to a public use and that such portion of property [was] not subject to adverse possession as set forth in 516.090 RSMo."

■ A review of the record in our case reflects that the respondents, in their motion for summary judgment on their petition to quiet title, did not make any allegations as to the appellants' properly pled affirmative defense or mention it in any respect. Thus, it is not subject to debate that they failed to comply with Rule 74.04(c)(1). The question is whether their noncompliance requires us to reverse.

Our appellate courts have decided that not every failure to comply with Rule 74.04(c)(1) will result in the reversal of a summary judgment. *Moore Equip. Co. v. Halferty,* 980 S.W.2d 578, 581 (Mo.App. 1998); *AgriBank FCB v. Cross Timbers Ranch, Inc.,* 919 S.W.2d 263, 267 (Mo.App. 1996); *Mathes by Mathes v. Nolan,* 904 S.W.2d 353, 355 (Mo.App.1995). In so deciding, the courts that have addressed the issue have concluded that the interest of judicial efficiency and economy is not met

by adopting an absolute or *per se* rule precluding summary judgment for failure to comply with Rule 74.04(c)(1). *Id.* With this as their polestar, the courts have held that as long as the underlying purpose of the rule is satisfied, summary judgment is not precluded. *Id.*

■■■■ " 'The purpose underlying the requirements of Rule 74.04(c) is threefold: to apprise the opposing party, the trial court and the appellate court of the specific basis for the movant's claim of entitlement to summary judgment.' " *Moore Equip. Co.,* 980 S.W.2d at 581 (*quoting Miller v. Ernst & Young,* 892 S.W.2d 387, 389 (Mo.App. 1995)). Thus, if from a reading of the motion for summary judgment, the issues are clear to the parties and the trial and appellate courts, the failure to strictly comply with Rule 74.04(c) does not *per se* preclude the trial court's granting of summary judgment or the appellate court's affirmance of the judgment. *Moore,* 980 S.W.2d at 581; *Mathes,* 904 S.W.2d at 355. With this principle in mind, we turn to the issue of whether the respondents' motion for summary judgment was sufficient to satisfy the underlying purpose of Rule 74.04(c)(1), such that their noncompliance with the rule would not preclude summary judgment in their favor on their petition to quiet title.

■■■■ In determining whether the underlying purposes of Rule 74.04(c)(1) were satisfied here, so as not to preclude summary judgment for the respondents for noncompliance with the rule, it must be kept in mind that:

"Because the purpose underlying the [requirements of the] [r]ule is directed toward benefiting trial and appellate courts to expedite the disposition of cases, noncompliance with these requirements is not a matter subject to waiver by a party. To hold otherwise would place the court in the position of performing the work of an advocate. This court should not encourage noncompliance with that requirement [of [r]ule

74.04] by performing a function properly that of counsel.' "
*Moore Equip. Co.,* 980 S.W.2d at 581 (*quoting Miller,* 892 S.W.2d at 389). "Furthermore, '[i]t is not the function of an appellate court to sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion.' " *Id.* (*quoting Miller,* 892 S.W.2d at 389).

As stated, *supra,* in asserting their affirmative defense, the appellants relied on § 516.090. Section 516.090 provides that: "Nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this state." For purposes of this section, railroad right-of-ways have been held to be exempt from acquisition by adverse possession as being land appropriated for "public use." *Boyles,* 981 S.W.2d at 650–51 (*citing St. Louis–San Francisco Ry. Co.,* 50 S.W.2d at 98). Hence, in the instant case, if the appellants could show at trial that the requisite ten-year period being asserted by the respondents to establish their claim of adverse possession was not continuous, but was interrupted due to the existence of a railroad right-of-way, then, as to this land, the respondents' action to quiet title would be defeated. As such, in order to uphold the trial court's summary judgment for the respondents on their petition to quiet title as to the entire tract of land in question, despite their noncompliance with Rule 74.04(c)(1), it must be clear to this court and readily ascertainable from the record the facts on which the respondents were relying to negate the appellants' affirmative defense, without requiring this court to become an advocate for the respondents. *Moore Equip. Co.,* 980 S.W.2d at 581; *Mathes,* 904 S.W.2d at 355.

A careful review of the record here reflects that it is totally devoid of any facts with respect to the affirmative defense raised by the appellants, which would al-

low this court to decide, *de novo*, the validity of the appellants' affirmative defense. In the case of a trial, the appellants would suffer the burden of nonpersuasion on their affirmative defense for an insufficient record. However, this case does not come to us by way of trial, but by way of summary judgment. As such, the respondents, as movants/claimants, were required by Rule 74.04(c)(1) to allege facts sufficient to negate the appellants' affirmative defense, *ITT Commercial Fin.*, 854 S.W.2d at 381, and thus, must suffer the burden of nonpersuasion on this issue where its resolution is not readily ascertainable from the record by the appellate court, without its functioning as an advocate for the respondents. *Moore Equip. Co.*, 980 S.W.2d at 581; *Mathes*, 904 S.W.2d at 355. Inasmuch as the record here was not developed sufficiently to allow us to determine the question of the appellants' affirmative defense, as a matter of law, we must conclude that the trial court erred in granting summary judgment to the respondents on their petition to quiet title because of their noncompliance with Rule 74.04(c)(1). *Id.*

As noted, *supra*, it is clear from the record that the trial court's grant of summary judgment to the respondents on their motion as to the appellants' counterclaim for ejectment was predicated on its determination, pursuant to the respondents' motion for summary judgment on its petition to quiet title, that, as a matter of law, title to the land was required to be quieted in the respondents. This would have been a correct course of action, assuming, *arguendo*, that the trial court was correct in quieting title in the respondents. This is so in that, as a matter of law, the appellants could not prevail on their counterclaim for ejectment because in order to do so, they must have established a right to possession of the land superior to that of the respondents. *Gilbert v. K.T.I., Inc.*, 765 S.W.2d 289, 293 (Mo.App.1988). It follows then that, having concluded that the trial court erred in granting summary judgment to the respondents on their motion as to their petition to quiet title, the

trial court also erred in granting their motion for summary judgment on the appellants' counterclaim for ejectment.

### Conclusion

The judgment of the circuit court sustaining the respondents' motion for summary judgment on their petition to quiet title and their motion for summary judgment on the appellants' counterclaim for ejectment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.