Curtis C. **RODGERS** and Linda J. Rodgers, Respondents,

v.

Robert G. **THRELKELD** and Margean Threlkeld, Appellants.

No. WD 60486.

Missouri Court of Appeals, Western District.

Aug. 6, 2002.

Wayne E. Schirmer, Moberly, for Appellant.

Robert Lee Knapp, Independence, for Respondent.

RONALD R. HOLLIGER, Judge.

This case comes to us for the second time on an appeal from a grant of summary judgment in favor of the plaintiffs on a claim of adverse possession. In 1981, the Rodgers, the appellants in this matter, purchased a 6,000 acre parcel of property in Macon County, Missouri. At the time of purchase there was a north-south fence along a portion of the western border of the parcel, terminating at the north end at an east-west railroad right-of-way held by the Burlington Northern Railroad. The Rodgers claim that they believed that the fence formed the western boundary of their property.

The Threlkelds purchased a parcel of property that adjoined the western border of the Rodgers' property. After the purchase was made, the Threlkelds had the property surveyed and discovered that the north-south fence was not a boundary fence. Instead, 9.48 acres of the Threlkelds' property lay on the eastern side of the fence. They subsequently tore down that fence and had a second fence erected along the surveyed property line. The Rodgers removed this second fence and erected a third fence, allegedly in the vicinity of the first fence.

The Rodgers, in response, filed suit, asking the trial court to quiet title in their favor under the doctrine of adverse possession. The Threlkelds counter-claimed, seeking the ejectment of the Rodgers and damages for the removal of the second fence. The Threlkelds also asserted, as an affirmative defense, that part of the disputed tract was not subject to adverse

possession because it lay within the railroad right-of-way.

. The Rodgers moved for summary judgment, which was granted by the trial court. That first judgment was reversed and remanded because the summary judgment motion failed to address the Threlkelds' affirmative defense. *Rodgers v. Threlkeld,* 22 S.W.3d 706 (Mo.App.1999) (hereinafter *"Rodgers I "*). After remand, the Rodgers filed an amended petition, essentially identical to their original petition, save in one respect. The amended petition alleged a different legal description of the property that excluded the portion of the tract where the railroad right-of-way was located. This amendment was apparently undertaken to render the Threlkelds' affirmative defense irrelevant.

Sometime later, cross-motions for summary judgment were filed by the parties. After hearing argument, the trial court entered summary judgment in favor of the Rodgers on their quiet title action and dismissed the Threlkelds' ejectment claim. This appeal follows.

The Threlkelds present four points on appeal. First, the Threlkelds contend that the trial court erred in sustaining the Rodgers' motion for summary judgment because that motion failed to establish the lack of a genuine dispute of material fact regarding the elements of their adverse possession claim. Specifically, the Threlkelds argue that there were no undisputed facts shown that the Rodgers had maintained open, notorious, exclusive, hostile, actual and continuous possession of the tract for a period of ten years.

Our review of a trial court's grant of summary judgment is *de novo. Rodgers I,* 22 S.W.3d at 709. We review the evidence in the light most favorable to the nonmoving party. *Id.* Only when the evidence, viewed in that light, shows that the movant is entitled to judgment as a matter of law, may we affirm. *Id.* If there remains a genuine dispute of material fact, summary judgment is inappropriate, and we must reverse. *Kramer v. Ins. Co. of N. Am.,* 54 S.W.3d 613, 615 (Mo.App.2001).

■ Given the heavily factual nature of adverse possession claims, it is difficult to conceive of a circumstance where a claimant asserting adverse possession could succeed upon his or her claim through the mechanism of summary judgment. *See Estate of Heidt,* 785 S.W.2d 668, 670 (Mo.App.1990) ("As a general observation, summary judgment, especially for the plaintiff, is rarely appropriate in cases involving proof of such elusive facts as intent, motive, fraud, duress, undue influence, mental capacity, and the like—which must in nearly every case be proved by circumstantial evidence."). *See also Rogers v. Ill. Cent. R.R. Co.,* 833 S.W.2d 426 (Mo.App.1992) (where affidavits or other sworn statements require evaluative judgment between two rationally possible conclusions, summary judgment should be denied). To prevail, the Rodgers' motion must first set forth undisputed facts which support each and every element of their adverse possession claim. *Machholz–Parks v. Suddath,* 884 S.W.2d 705, 707–08 (Mo.App.1994). Those elements are five in number. First, the possession must be actual. There must be physical control and use of the disputed property for the statutory period. *See Wykle v. Colombo,* 457 S.W.2d 695, 700 (Mo.1970); *City of S. Greenfield v. Cagle,* 591 S.W.2d 156, 160 (Mo.App.1979). Second, the possession of the disputed tract must be hostile to other competing claims to the property. Third, that possession must be open and notorious, such that those individuals having competing claims to the property actually know or should have known of that possession. Fourth, possession must be exclusive, such that others with competing

claims to the property are wholly excluded from the property. *See Machholz–Parks,* 884 S.W.2d at 708 (citing *Lohrmann v. Carter,* 657 S.W.2d 372 (Mo.App.1983)). Lastly, the possession must be continuous for the statutory period of ten years.

To some extent, the facts that would be marshaled in support of a claim to adverse possession may support more than one element. For example, evidence that shows use of the property during the statutory period would likely support the actual possession element, but it may also tend to support the element of open possession. However, if the Rodgers failed to marshal sufficient facts with regard to any one of the above elements, then their motion for summary judgment cannot prevail. *See Machholz–Parks,* 884 S.W.2d at 708. Only when each of those elements is supported by competent evidence does the burden shift to the non-movant to establish that there is a dispute of material fact. *See ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 381 (Mo. banc 1993).

■ In *Rodgers I* we did not consider whether the Rodgers had made a *prima facie* showing of their entitlement to summary judgment. *See* 22 S.W.3d at 712. A close review of the record before the trial court reveals that the Rodgers have failed to carry their initial burden of presenting facts that support all of the elements of their claim. Specifically, there are serious deficiencies in the evidence presented by the Rodgers regarding their use of the disputed parcel. As stated above, a claimant asserting adverse possession must establish actual possession of the property. Actual possession must include use of the property. *See City of S. Greenfield,* 591 S.W.2d at 161. Put another way, there must be actions by the claimant which reveal an intent to treat the property as the claimant's own.

Here, the Rodgers point to three uses made of their property, including the disputed tract. The first use was the grazing of cattle on the property. The second was the use of the property to raise horses. The final use of the property was for hunting and fishing purposes (both by the property owner and by other individuals invited or permitted by the owner to do so).

■ We note, from the outset, that earlier cases have held that the raising of livestock, alone, may not constitute sufficient use of the property to satisfy the actual possession requirement for adverse possession. *See, e.g., Harris v. Lynch,* 940 S.W.2d 42, 46 (Mo.App.1997). We will assume, however, for the purpose of discussion, that such use may be sufficient, in at least some circumstances. Here, however, the facts presented do not establish that livestock has been raised on the disputed property through the entirety of the required statutory period. The affidavit of Curtis Rodgers states that the disputed tract has been used for the purpose of raising livestock but concedes that such use has only been undertaken for "most of" the period from 1981 to the present. Further, the trial court had before it Curtis Rodgers' deposition testimony. That testimony reveals that the property was only used for cattle raising from 1981 through 1986. The record is not entirely clear as to when the Rodgers began to raise horses on the property, but it appears that such operations began in either 1995 or 1996. There were apparently no livestock operations encompassing the disputed property from 1987 through 1994.

■ The Rodgers suggest there has been other use of the property showing their actual possession of the property. The Rodgers presented evidence that the disputed property was used, to some ex-

tent, for hunting and fishing purposes. That evidence took the form of affidavits by Curtis Rodgers and Dan Wilt, who is a local real estate broker. The Wilt affidavit indicated that he had personally used the disputed property for hunting and fishing. Neither affidavit, however, indicated the frequency of such use. Mere occasional and intermittent use of the disputed property is not sufficient to establish a claim to adverse possession. *See Ortmeyer v. Bruemmer,* 680 S.W.2d 384, 393 (Mo.App. 1984). Viewed in the light most favorable to the non-movants, we hold that the affidavits do not establish sufficient active use of the property to support the Rodgers' claim to summary judgment.

In light of this conclusion, we need not address two of the Threlkelds' remaining points on appeal, as they address other allegations of error regarding the grant of summary judgment and are unlikely to recur on remand. Their third point on appeal, however, concerns the trial court's dismissal of their counterclaim for ejectment. The Threlkelds first argue that the dismissal was improper, as the counterclaim included a prayer for damages against the Rodgers for the removal of the Threlkelds' fence. The Threlkelds also contend that the Rodgers admitted the truth of the allegations in the counterclaim by failing to file a responsive pleading. Second, they argue that the Rodgers' motion for summary judgment failed to address the damages issue or establish, by undisputed facts, that the damages claim was not genuine.

■ The Rodgers' motion for summary judgment clearly does not address the merits of the Threlkelds' damages claim. As the Rodgers were the party defending against that claim, they bore the burden of establishing that this claim failed as a matter of law. *See Hale v. City of Jefferson,* 6 S.W.3d 187, 193 (Mo.App.1999). To satisfy that burden, they were required to disprove, via undisputed facts, any one of the essential elements of the Threlkelds' damages claim. *See O.L. v. R.L.,* 62 S.W.3d 469, 473 (Mo.App.2001). Their motion, however, fails to make even an attempt at such a showing. There were no express findings regarding the Threlkelds' damages claim. Instead it merely dismissed the Threlkelds' claim outright. The trial court could not reach that conclusion as a matter of law upon the facts presented. We, therefore, agree with the Threlkelds that the dismissal of the counterclaim was erroneous, and we sustain their third point on appeal.

Having found that the trial court erred in granting summary judgment in favor of the Rodgers and in dismissing the Threlkelds' counterclaim, the judgment below is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

LISA WHITE HARDWICK, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.