James A. BUTLER, III, James W. Evens, and J. Farrell Browne, Plaintiffs,

v.

TIPPEE CANOE CLUB, a Not–For–Profit Corporation, John McHale Dean, John M. Dean III, Patricia A. Dean, and Katherine Driscoll, Defendants.

No. 70536.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 8, 1997.

Frank D. Keefe, Keefe & Baureis, P.C., Ellisville, Michael A. Gross, Cynthia A. Sciuto, Law Office of Michael A. Gross, St. Louis, for appellant.

Donald U. Beimdiek, Douglas R. Sprong, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for respondent.

CRANE, Presiding Judge.

Plaintiffs, persons who claimed membership interests in a private club, filed an action for declaratory judgment, constructive trust, and an accounting against the club and some of its members. Defendants moved for summary judgment on the grounds that plaintiffs lacked standing and their claims were barred by the applicable statutes of limitation. The trial court entered summary judgment in defendants' favor. Plaintiffs appeal, claiming the existence of disputed fact issues. We affirm.

The defendant Tippee Canoe Club was incorporated as a not-for-profit corporation on April 25, 1957 to educate members in the use of the canoe, to promote conservation and wildlife, and to promote the canoe as a means of enjoyment and social friendship. Its assets included various buildings and improvements and eighty acres of land in Shannon County, Missouri. Plaintiff James W. Evens was an original incorporator of the club, along with James A. Butler, Jr., father of plaintiff James A. Butler, III. Plaintiff J. Farrell Browne became a club member.

On July 29, 1985 plaintiff Browne and defendant Dean notified plaintiff Evens by letter that the Tippee Canoe Club Board of Directors had dropped his membership effective June 22, 1985, in accordance with provisions in the by-laws for his lack of participation over the previous five years. On November 3, 1988 defendant Dean notified plaintiff Browne by letter that his membership in the Tippee Canoe Club had been terminated on October 26, 1988 for non-payment of dues in accordance with the by-laws.

On October 21, 1995 plaintiffs filed a petition requesting: 1) a declaratory judgment recognizing plaintiffs as members of the Tippee Canoe Club and for other relief; 2) a constructive trust placed upon the assets of the Tippee Canoe Club; and 3) an accounting for all income and expenses of the Tippee Canoe Club and the Dooley–Hollow Canoe

Club.[1] Defendants answered and filed a motion for summary judgment December 28, 1995. In their motion for summary judgment, defendants set out the following facts: that Butler had never been a member of Tippee Canoe Club; that Evens' membership was terminated effective June 22, 1985; that Browne's membership was terminated effective October 26, 1988; that § 355.211.4 barred a proceeding challenging membership after one year; that no stock was ever issued in the Dooley–Hollow Canoe Club; and that the Dooley–Hollow Canoe Club never held any assets. The motion was supported by an affidavit of defendant Dean and exhibits, which included the letters notifying plaintiffs Evens and Browne that their membership had been terminated, as well as a memorandum. Defendants argued that plaintiffs had no standing to seek the relief sought because Butler, III had never been a member of the Tippee Canoe Club and Evens' and Browne's memberships had been terminated more than a year prior to the filing of the action and because their action was barred by applicable statutes of limitation.

On January 25, 1996 plaintiffs requested and received fifteen additional days to file affidavits in opposition to the motion for summary judgment, thus extending the date for filing a response to February 8, 1996. Plaintiffs did not file a response or another request for a time extension on or before February 8. Forty days later, on March 19, 1996 plaintiffs filed a response to defendants' motion for summary judgment. In a memorandum of law, defendants opposed plaintiffs' attempt to file a late response. On March 21, 1996, the trial court heard defendants' motion for summary judgment and sustained it on April 3, 1996.

For their sole point on appeal, plaintiffs contend that the trial court erred in granting the defendants' motion for summary judgment. They argue that the record reflects a substantial dispute of material facts: whether Butler, III had a reasonable expectancy of membership and a proprietary interest in the Tippee Canoe Club; whether Evens was effectively terminated; and whether Browne's termination violated corporate bylaws. Defendants respond that because plaintiffs did not timely respond to the summary judgment motion, no factual dispute was properly before the trial court.

Plaintiffs base their claim of a factual dispute on unadmitted allegations and statements contained in their verified petition and on their response to the motion for summary judgment and exhibits attached thereto. These materials are insufficient to create a factual dispute.

First, the verified petition does not qualify as an opposing affidavit or a response under Rule 74.04(e). It was signed by the three plaintiffs who attested only that the facts contained therein were "true and correct to the best of our knowledge, information and belief." Rule 74.04(e) specifically provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

* * *

> When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of the party's pleading, but the response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial.

*See, e.g., Morley v. Ward,* 726 S.W.2d 799, 801–02 (Mo.App.1987).

Next, plaintiffs' response was not properly before the court because it was not timely filed. Rule 74.04(c)(2) provides in pertinent part:

---

**1.** On June 30, 1981 plaintiffs Evens, Butler, III, Browne, and defendant John M. Dean executed articles of incorporation for the Dooley–Hollow Canoe Club, Inc. which was formed to allow the members of the Tippee Canoe Club to issue stock and transfer their Tippee Canoe Club memberships to their oldest sons. On October 30, 1985, the Missouri Secretary of State forfeited Dooley–Hollow Canoe Club's charter for its failure to file and pay the annual corporate franchise tax.

Within thirty days after a motion for summary judgment is served, the adverse party shall serve a response on all parties, and, if the adverse party is relying on affidavits, the response shall have attached thereto affidavits not previously filed. The response shall admit or deny each of movant's factual statements in numbered paragraphs, shall state the reason for each denial, ... and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits.

These directives of Rule 74.04(c)(2) use the word "shall" and are thus mandatory. The rule allows a trial court to extend the filing deadline only where the time for discovery has been inadequate and upon affidavit:

If the party opposing summary judgment has not had sufficient time to conduct discovery on the issues to be decided in the motion for summary judgment, such party shall file an affidavit describing the additional discovery needed in order to respond to the motion for summary judgment and the efforts previously made to obtain such discovery. For good cause shown, the court may continue the motion for summary judgment for a reasonable time to allow the party to complete such discovery.

Rule 74.04(c)(2).

 Plaintiffs did not file a response by February 8 or file an affidavit and request for an extension on or prior to that date. Defendants objected to the filing of plaintiffs' response beyond the due date. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the motion. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993); *Jones v. Ohio Cas. Ins. Co.,* 877 S.W.2d 118, 120 (Mo.App.1994). Where the opposing party fails to respond to a motion for summary judgment within the time prescribed by Rule 74.04(c), any later response is inadequate and fails to preserve any dispute of a material fact. *Sours v. Pierce,* 908 S.W.2d 863, 865–66 (Mo.App.1995). *See also*

*Oliver, Oliver & Waltz, P.C. v. Absher,* 878 S.W.2d 75, 76 (Mo.App.1994).

The alleged disputed issues of material fact were not in the summary judgment record. Accordingly, point one is denied.

The judgment of the trial court is affirmed.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.