Amber M. McCLAIN, f/k/a Amber M. Burke, and Roy A. Dillon, Respondents,

v.

Gary Michael HARTLEY, Appellant.

No. ED 93184.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 31, 2010.

William W. Cheeseman, Noelle I. Cheeseman, Mark A. Kragel, Troy, MO, for Appellant.

Dwayne A. Johnson, St. Peters, MO, Respondents.

ROY L. RICHTER, Chief Judge.

Gary Hartley ("Seller") appeals the trial court's decision to award damages to Amber McClain and Roy Dillon (collectively, "Buyers"). We reverse and remand.

## I. BACKGROUND

Seller owned real estate ("the Property") on which a permanently affixed mobile home was located. People's Bank and Trust ("the Bank") held a deed of trust on the property. In March 2005, Buyers executed a contract with Seller to purchase the Property via a contract for deed. The contract noted the Bank's deed of trust. The purchase price was fixed at $82,900; Buyers made a down payment of $22,900 and the remaining $60,000 was to bear 9% interest per annum with payments to Seller in equal monthly installments of $482.77 beginning April 12, 2005.

The contract provided that upon Buyers' timely payment of all sums due and owing under the contract, Seller would supply a General Warranty Deed to Buyers. The contract required Buyers to pay the real estate taxes on the Property and provide a receipt to Seller showing proof that the taxes had been paid. Buyers were also required to maintain insurance naming the Bank as the principal loss payee. Buyers agreed to exhibit to Seller proof of insurance when requested.

Buyers were granted the right to prepay the debt without penalty. The contract also provided that if Buyers failed to make any payments when due, whether for the purchase price, taxes or insurance for a period of 30 days after Buyers received Seller's written notice of default, the contract would be deemed null and void and all sums paid by Buyers prior to the default would be retained by Seller as liquidated damages. The contract requires a refund of all monies paid upon Seller's failure to furnish a General Warranty Deed after all payments had been timely made.

The record before us is murky, at best. Apparently the Property was being used to secure multiple notes Seller owed to the Bank. Buyers failed to make payments on a regular or timely basis, failed to obtain insurance and failed to pay the taxes. Seller sent letters to Buyers advising them of these failures, but never declared a default on the contract. At one point, Buyers were at least $3,800 behind on the various payments. In 2007, the Bank began foreclosure proceedings against the Property, eventually foreclosing on November 30, 2007. Seller's partner in a business venture later paid off all of Seller's notes at the Bank and acquired the

Property. Buyers vacated the premises after the foreclosure.

## II. DISCUSSION

Buyers filed suit requesting recovery under multiple theories. The First Amended Petition contained five counts. Count I alleged Breach of Contract and sought recovery of all funds paid by Sellers to Buyer (an amount "in excess of $35,900"); Count II requested relief on a theory of quantum meruit and requested recovery in excess of $35,900; the third Count (also named Count I in the Petition) alleged Negligent Representation alleging damages in excess of $35,900; the fourth Count (labeled Count III in the Petition) alleged Fraudulent Representation alleging damages of $36,145.84 and the final Count (labeled Count IV) alleged Fraud by the Omission, alleging damages in excess of $35,900. Seller answered the First Amended Petition and asserted six affirmative defenses. The case was tried before the trial court without a jury and the judgment includes findings of fact and conclusions of law. The judgment does not "track" the Petition, and does not mention the affirmative defenses raised. The trial court's judgment, under a theory of unjust enrichment, awards Buyers the amount of their down payment, less the monthly payment amounts for the last four months in which Buyers did not make the required payments.

■ Seller raises five points on appeal; we find Seller's third point to be dispositive and need not discuss the other points raised. "Issues that are not essential to a disposition of the case should not be addressed." *O'Hare v. Permenter*, 113 S.W.3d 287, 289 (Mo.App. E.D.2003) (quoting *State v. Kinkead*, 983 S.W.2d 518, 520

(Mo. banc 1998)). In his third point on appeal, Seller argues that the trial court erred in entering a judgment for Buyers because the contract is not ambiguous. We agree.

■ The trial court specifically denied Buyers' claim on their quantum meruit theory.[1] However, the trial court based its award on the unpleaded theory of unjust enrichment, stating that it was Seller who had breached, and not Buyers. Further, the trial court found that because the contract was ambiguous as to what the penalty would be should Seller breach, Seller was unjustly enriched when he kept the down payment after breaching. In finding that the contract was ambiguous, the trial court went outside of the pleadings and evidence in entering its judgment. Nothing in the pleadings alleged any ambiguity in the contract and no testimony was elicited alleging any ambiguity, yet the Court found the contract to be ambiguous.

■ The trial court's authority is limited to such questions as are presented by the parties in their pleadings. *UT Commc'ns Credit Corp. v. Resort Dev., Inc.*, 861 S.W.2d 699, 707 (Mo.App. E.D. 1993). Further, the relief granted by the judgment cannot be "other or greater than" that which was "demanded in the petition." *La Presto v. La Presto*, 308 S.W.2d 724, 727 (Mo.1958).

The trial court's judgment will be affirmed unless there is no substantial evidence to support the judgment, unless the judgment is against the weight of the evidence or unless the judgment erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976).

1. Of the five theories in Buyers' First Amended Petition, the only Count addressed by the trial court's judgment was to deny Buyers' quantum meruit count. Further, the trial court did not address any of the six affirmative defenses raised by Seller.

█ As stated, the trial court found the contract to be ambiguous. However, the contract is not ambiguous—if Buyers breach, Seller is entitled to retain all sums paid. If Seller breaches the contract, Buyers are to recover all sums paid.

The trial court found that Buyers fully complied with their obligation under the contract and thus Seller was unjustly enriched in keeping the down payment. The evidence presented at trial clearly refutes this finding. Buyers failed to make timely payments on the contract, failed to pay taxes on the property, and failed to maintain homeowners insurance. All of these failures were breaches by Buyers under the terms of the contract.

Because the trial court based its judgment on a theory that was not raised in the pleadings, and because the judgment was not supported by substantial evidence, we reverse and remand for a new trial.

### III. CONCLUSION

The judgment is reversed and remanded.

JAMES R. HARTENBACH, SP. J., and KENNETH M. ROMINES, J., concur.