Jesse Lee BILYEU and Glenna Jean Bilyeu, individually and as husband and wife; Martin T. Crider and Jerry L. Crider, individually and as husband and wife; and Jason M. Veasman and Amber Veasman, individually and as husband and wife, Respondents,

v.

Jerry E. VAILL and Betty J. Vaill, individually and as husband and wife, Appellants.

No. SD 31243.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 28, 2011.

Danieal H. Miller, Columbia, for Appellant.

Kimberly F. Lowe, Waynesville, for Respondent.

ROBERT S. BARNEY, Judge.

Appellants Jerry E. Vaill and Betty J. Vaill (collectively "Appellants") appeal the trial court's grant of Respondents'[1] motion

---

1. Respondents herein are: Jesse Lee Bilyeu and Glenna Jean Bilyeu ("Respondents Bilyeu"); Martin T. Crider and Jerry L. Crider ("Respondents Crider"); and Jason M. Veasman and Amber Veasman ("Respondents Veasman") (collectively "Respondents").

for summary judgment. Appellants assert three points relied on.

This litigation centers around a claim by Appellants that they have an easement for a roadway within a 30 foot wide strip of land ("the disputed property") located in rural Maries County, Missouri, and that this easement was originally granted in a 1908 general warranty deed to Appellants' predecessors in title and through *mesne* conveyances to Appellants in 1966. As best we discern, the disputed property adjoins property to the west owned by Respondents Bilyeu and Respondents Veasman and adjoins with or runs through property to the east owned by Respondents Crider. Although Appellants had not previously used the disputed property as a roadway, it is their intention to construct a roadway upon the disputed property. As best we discern the record, the disputed property contains at least one non-continuous north-south fence as well as at least one east-west fence.

On November 15, 2010, Respondents filed their "FIRST AMENDED PETITION FOR PERMANENT INJUNCTION [AND] QUIET TITLE." In their first count they requested a permanent injunction against Appellants to prevent them from building a road on the disputed property and tearing down an "existing fence" which they contend separated the disputed property from the property owned by Appellants. They asserted Respondents Crider were simple fee owners of the disputed property by way of a General Warranty Deed dated July 15, 1992; that the disputed property bordered all of the Respondents' properties; and that they owned the disputed property by virtue of adverse possession in that they have all utilized the disputed property by alternatively cutting firewood, riding ATVS, hunting, brush hogging, fence row clearing, maintaining the fence and running cattle and horses on the disputed property in excess of ten years while Appellants had failed to use any portion of the disputed property for approximately 17 years. In their second count Respondents Crider maintained Appellants transferred all their legal rights, title and interest to the disputed property on July 15, 1992, and sought to have the trial court quiet "legal title" to the disputed property in Respondents Crider. In Count III Respondents alternatively sought to quiet title by adverse possession for the reasons set out in their Count I for a permanent injunction.

In their Answer to Count I, Appellants denied Respondents had any ownership interest in the disputed property and maintained that any deeded interest Respondents Crider may have in the disputed property was still subject to their easement that had neither been extinguished by adverse possession nor otherwise abandoned by them. As to Count II, Appellants asserted that the deed referred to by Respondents Crider

specifically stated that the conveyance therein was subject to all easements and rights-of-way of record, if any, and [Appellants'] right-of-way was and is clearly of record and there has been no specific or exclusive extinguishment of the right-of-way or easement of [Appellants] in and to said property.

Lastly, as to Count III Appellants denied Respondents' claims regarding adverse possession of the disputed property and asserted, in either event, that the disputed property was not subject to adverse possession since it consisted of "wild" land. Appellants, in pertinent part, then sought a denial and dismissal of Respondents' claims for a permanent injunction; a declaration that Respondents' properties were "encumbered by the easement or right-of-way rights of the [Appellants];" and an order against Respondents "ordering them

not to interfere with [Appellants'] development and the use of said roadway easement."

Following competing motions for summary judgment, the trial court granted Respondents' motion for summary judgment. The trial court concluded that Respondents owned the disputed property by virtue of adverse possession and that Appellants "have no claim or interest in the [d]isputed [p]roperty or any item thereon, and that the title or claim of [Appellants] in and to said [d]isputed [p]roperty is barred." This appeal followed.

In reviewing a trial court's grant of a motion for summary judgment, "we employ a de novo standard of review." *Neisler v. Keirsbilck*, 307 S.W.3d 193, 194 (Mo. App.2010) (emphasis omitted). As such, we will not defer to the trial court's decision, *Murphy v. Jackson Nat'l Life Ins., Co.*, 83 S.W.3d 663, 665 (Mo.App.2002), but rather, we will use the same standards the trial court should have used in reaching its decision to grant the motion for summary judgment. *Stormer v. Richfield Hosp. Servs., Inc.*, 60 S.W.3d 10, 12 (Mo.App. 2001). "We view the record in the light most favorable to the party against whom judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record." *Neisler*, 307 S.W.3d at 194–95; *see ITT Comm'l Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law." *Neisler*, 307 S.W.3d at 195.

**2.** All rule references are to Missouri Court Rules (2010).

**3.** The verification block on the first amended petition stated:
I, [insert name of Respondent], of lawful age, having been first duly sworn, on oath,

In their first point relied on, Appellants maintain the trial court erred in granting Respondents' motion for summary judgment "in that it deemed as uncontroverted assertions of fact which were contained in a single paragraph of a verified petition which were not supported by admission, sworn testimony or affidavit...." Appellants assert the trial court's reliance on these statements was incorrect because "unadmitted verified pleadings cited in support of an assertion of uncontroverted fact do not comply with the mandatory provisions of Rule 74.04." [2]

Here, as reasoning for its decision, the trial court stated in its judgment that

[f]or at least ten ... years prior to filing this lawsuit, [Respondents] and their predecessors in interest utilized the property and showed visible acts of ownership in the following respects: cutting firewood, riding ATVs, hunting, brush hogging, fence row clearing, maintaining the fence, and running cattle and horses on the [d]isputed [p]roperty.

This is a nearly verbatim recitation of purported statements of uncontroverted facts set out at paragraph 11 of Respondents' motion for summary judgment which have as their sole support averments made in paragraphs 12, 13 and 14 of Respondents' verified First Amended Petition.[3] We note, however, that "[t]he required procedure for summary judgment motions is found in Rule 74.04." *Margiotta v. Christian Hosp. Northeast Northwest*, 315 S.W.3d 342, 344 (Mo. banc 2010). Rule 74.04(c) provides, in pertinent part:

state that I am the [Respondent] described in the foregoing document, that I have read the same, and that the facts stated herein are true and correct to the best of my knowledge and belief.

(1) Motions for Summary Judgment. A motion for summary judgment shall summarily state the legal basis for the motion.

A statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts. . . .

Attached to the statement shall be a copy of all discovery, exhibits or affidavits on which the motion relies.

Movant shall file a separate legal memorandum explaining why summary judgment should be granted.

"The purpose of Rule 74.04(c) is to provide some assurance that opposing counsel, the trial court, and the appellate court can ascertain the specific basis or bases on which a movant alleges he or she is entitled to summary judgment." *Siemens Building Tech., Inc. v. St. John's Reg'l Med. Ctr.,* 124 S.W.3d 3, 8 (Mo.App.2004). The provisions of Rule 74.04 are mandatory. *Margiotta,* 315 S.W.3d at 344.

With that being said, as stated in *Butler v. Tippee Canoe Club,* 943 S.W.2d 323, 324 (Mo.App.1997), a "verified petition does not qualify as an opposing affidavit or a response under Rule 74.04(e)" such that it is not sufficient documentation to support a statement of uncontroverted fact.[4] Such petitions, although typically signed by the plaintiffs, usually only attest that "the facts contained therein [are] 'true and cor-

rect to the best of our knowledge, information and belief.'" *Id.* Such a verification would be contrary to Rule 74.04(e), which clearly provides that

[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Here, the statements made in Respondents' First Amended Petition asserted various actions undertaken by one, some or all of the Respondents; however, it is not clear which Respondents engaged in those acts such that there is no proof which, if any, of Respondents were "competent to testify" about the asserted acts that had supposedly taken place on the disputed property over the years. Without any such assertion, this Court is unsure if these statements were trustworthy or admissible evidence which could be relied upon in making a determination on a motion for summary judgment. Respondents were required in their motion for summary judgment to set out separate statements of material fact and to reference the supporting documentation that demonstrated the lack of a genuine issue as to each asserted fact. Rule 74.04; *Siemens,* 124 S.W.3d at 8. Citing to their own First Amended Petition, albeit verified, in support of their statement of uncontroverted fact, was insufficient for Respondents to prove their assertions in the present matter.[5] *Butler,* 943 S.W.2d at 324. "A

---

4. As we discern the reference in Rule 74.04(c)(1) to "pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts," it appears that the reference to "pleadings" generally applies to an *opposing* party that sets out, for exam-

ple, that a certain fact or facts are admitted as true.

5. We are not persuaded by Respondents' citation to *Morley v. Ward,* 726 S.W.2d 799 (Mo. App.1987). In *Morley,* the appellant attacked

'claimant' must establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial." *ITT,* 854 S.W.2d at 381. "Generally, failure to comply with Rule 74.04(c)(1) warrants a trial court's denial of a summary judgment motion and warrants an appellate court's reversal of the grant of summary judgment." *Gillespie v. Estate of McPherson,* 159 S.W.3d 466, 470 (Mo.App.2005).

Additionally, we are mindful that courts have historically been hesitant to resolve disputes involving easements and adverse possession via summary judgment. Such claims "are both heavily factual in nature, leading the [*Rodgers v. Threlkeld,* 80 S.W.3d 532, 534 (Mo.App.2002),] court to observe that 'it is difficult to conceive of a circumstance where a claimant asserting adverse possession could succeed upon his or her claim through the mechanism of summary judgment.'" *Weiss v. Alford,* 267 S.W.3d 822, 826 (Mo.App.2008) (quoting *Rodgers,* 80 S.W.3d at 534). Here, the record shows that of the 17 averments in Respondents' motion for summary judgment, 6 were expressly denied by Appellants; 1 was denied in part; and 3 were both denied and admitted in part. In our review of the record, we cannot say that Respondents, as motion for summary judgment claimants, established there was no genuine dispute as to those material facts upon which they had the burden of persuasion at trial. Respondents have not established they were entitled to summary judgment as a matter of law and the trial court erred in granting Respondents' motion for summary judgment. Appellants' Point I has merit. As Point I is dispositive of the

other two points on appeal raised by Appellants, we need not address them. *See McClain v. Hartley,* 320 S.W.3d 183, 185 (Mo.App.2010).

The judgment of the trial court is reversed and remanded.

BATES, J., concur and SCOTT, J., concurs in separate opinion.

DANIEL E. SCOTT, Judge.

I concur, but I think it is unnecessary to address *Butler v. Tippee Canoe Club,* 943 S.W.2d 323 (Mo.App.1997). Summary judgment was not appropriate because, as the principal opinion notes, far too many "uncontroverted" material facts were, in fact, controverted.

the affidavit filed by the respondent in support of his motion for summary judgment on the basis that the language in the affidavit was insufficient. *Id.* at 802. The appellate court found there is no "magic" language that is necessary for an affidavit. *Id.* This differs

from the present matter where there was no affidavit filed in support of these assertions of fact and reliance was, instead, placed on a previously filed pleading. The situation in *Morley* and the instant case are different.