

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| CYNTHIA DeCORMIER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No.  SC93702 |
| | ) | |
| HARLEY-DAVIDSON MOTOR | ) | |
| COMPANY GROUP, INC. and | ) | |
| ST. LOUIS MOTORCYCLE, INC. | ) | |
| d/b/a GATEWAY HARLEY-DAVIDSON, | ) | |
| | ) | |
| Respondents. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable John D. Warner, Jr., Judge

*Opinion issued November 12, 2014*

Cynthia DeCormier filed a personal injury action against Harley-Davidson Motor Company Group, Inc., (Harley-Davidson) and St. Louis Motorcycle, Inc., d/b/a Gateway Harley-Davidson (Gateway), after sustaining injuries while participating in a motorcycle training course.  Harley-Davidson and Gateway filed a motion for summary judgment on the basis of a liability release Ms. DeCormier signed before participating in the course.  The circuit court sustained the motion and granted summary judgment in favor of Harley-Davidson and Gateway.  On appeal of the circuit court's judgment, Ms. DeCormier claims the circuit court erred in granting summary judgment because the liability release she signed is unenforceable against claims of gross negligence or recklessness and there is a genuine dispute as to whether the defendants were grossly negligent or reckless.

Even if Ms. DeCormier pleaded the type of claim against which a release of liability is unenforceable, Ms. DeCormier failed to demonstrate that a genuine dispute exists regarding whether Harley-Davidson and Gateway acted in reckless disregard for her safety and, therefore, whether the release is unenforceable. Accordingly, this Court affirms the circuit court's judgment.

## Facts and Procedural Background

On April 13, 2008, Ms. DeCormier participated in the Rider's Edge New Rider's Course, an instructional course for new motorcycle riders sponsored by Harley-Davidson and conducted by employees of Gateway at Gateway's place of business in St. Louis. The Gateway employees instructing the course were certified by the Motorcycle Safety Foundation (MSF), and MSF supplied the curriculum for the course.

Before participating in the course, Ms. DeCormier signed a "Release and Waiver," which provided in pertinent part:

> I hereby **RELEASE AND FOREVER DISCHARGE** (i) Harley–Davidson Motor Company, Inc., Harley–Davidson, Inc., . . . each of their respective parent, subsidiary, and affiliated companies . . .; [and] (ii) all authorized dealers of Harley–Davidson Motor Company . . . who are sponsoring or conducting the [New Rider Course] . . . (hereinafter all collectively referred to as "Released Parties") from **ANY AND ALL CLAIMS, DEMANDS, RIGHTS, CAUSES OF ACTION AND LOSSES (collectively, "CLAIMS") OF ANY KIND WHATSOEVER THAT I . . . NOW HAVE OR LATER MAY HAVE AGAINST ANY RELEASED PARTY IN ANY WAY RESULTING FROM, OR ARISING OUT OF OR IN CONNECTION WITH, MY PARTICIPATION IN THE [NEW RIDER COURSE] . . ..**
>
> I acknowledge and understand that this Release **EXTENDS TO AND RELEASES AND DISCHARGES ANY AND ALL CLAIMS** I . . . have or may have against the Released Parties arising out of my participation in

the [New Rider Course], including without limitation all such Claims resulting from the **NEGLIGENCE** of any Released Party. . ..

While riding her motorcycle during the course, Ms. DeCormier sustained injuries.

Ms. DeCormier filed a two-count petition against Harley-Davidson and Gateway, alleging that the course instructors directed her to perform motorcycle exercises while the range was icy and slippery. In the first count, labeled "Negligence," Ms. DeCormier alleged that the instructors "instructed [Ms. DeCormier] to perform motorcycle exercises on the training course," "knew or should have known that the icy conditions of the course created an unreasonable risk of bodily harm," and "knew or should have known that an inexperienced rider on icy or slippery conditions created an unreasonable risk of bodily harm." In the second count, labeled "Premises Liability," Ms. DeCormier stated that Harley-Davidson's and Gateway's negligence and recklessness directly caused the accident in that the instructors "knew or should have known that the motorcycle track [had] become wet and icy, therefore creating a dangerous condition;" and "knew, or by the use of ordinary care, could have known that the existence of the wet and icy conditions posed a substantial risk of bodily harm to its students, but continued to instruct students to ride on the motorcycle track."

Harley-Davidson and Gateway jointly moved for summary judgment on the basis of the affirmative defense of release. They asserted that, prior to taking the course, Ms. DeCormier signed an agreement releasing them from any future claim of negligence arising out of Ms. DeCormier's participation in the program. Harley-Davidson and Gateway claimed the release barred Ms. DeCormier's action.

In her response to the summary judgment motion, Ms. DeCormier admitted to signing the release but asserted that Harley-Davidson and Gateway were not entitled to judgment because the release could not, as a matter of law, waive liability for gross negligence or recklessness and there is a genuine dispute of material fact whether Harley-Davidson's and Gateway's negligence rose to the level of recklessness or gross negligence. Ms. DeCormier alleged in her "statement of additional facts" that: (1) the MSF has promulgated rules for instructors conducting courses for new riders; (2) in the instructor's guide, MSF "takes the position that training not be conducted during a thunderstorm, snowstorm, windstorm, with ice on the range, or if the [instructors] determine the safety of the students is at risk;" and (3) "there was rain, drizzle, snow, and mist on the day of the course, as indicated by the certified record of river and climatological observations." The reference to evidentiary support for these statements was to the MSF Basic RidersCourse Rider Coach Guide and the Certified Records of River and Climatological Observations. Harley-Davidson and Gateway admitted these additional facts. Ms. DeCormier further stated that, despite the weather conditions, the instructors continued to send riders out on the range to perform motorcycle exercises and instructed her to perform an exercise when her bike slipped and landed on her leg. The reference to evidentiary support for these statements was to paragraphs of the defendants' Exhibit A, which was Ms. DeCormier's petition. Harley-Davidson and Gateway denied these facts.

The circuit court sustained the motion for summary judgment and entered judgment in favor of Harley-Davidson and Gateway. Thereafter, Ms. DeCormier

appealed. After an opinion by the court of appeals, the case was transferred to this Court. Mo. Const. art. V, sec. 10.

## Standard of Review

Summary judgment is appropriate only when the moving party demonstrates there is no genuine dispute about material facts and, under the undisputed facts, the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). One way a defending party may establish a right to summary judgment is to show there is no genuine dispute as to the existence of each of the facts necessary to support a properly pleaded affirmative defense. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* The non-moving party's "denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial." Rule 74.04(c)(2). The non-moving party must attach to its response copies of all discovery, exhibits, or affidavits on which the non-moving party relies. *Id.* This Court's review of summary judgment is *de novo*. *Roe v. Replogle*, 408 S.W.3d 759, 763 (Mo. banc 2013).

## Release Cannot Exempt Liability for Reckless Conduct

On appeal, Ms. DeCormier asserts the circuit court erred in entering judgment in favor of Harley-Davidson and Gateway on the basis of the release because a party cannot

exonerate oneself from future liability for gross negligence or recklessness and there exists a genuine dispute whether Harley-Davidson and Gateway were grossly negligent or reckless. While exculpatory agreements will be strictly construed, this Court will enforce exculpatory agreements to protect a party from liability for their own negligence. *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 334 (Mo. banc 1996). Ms. DeCormier cannot avoid this rule by alleging Harley-Davidson and Gateway were grossly negligent because Missouri courts do not recognize degrees of negligence at common law. *See Fowler v. Park Corp.* 673 S.W.2d 749, 755 (Mo. banc 1984); *Warner v. Sw. Bell Tel. Co.*, 428 S.W.2d 596, 603 (Mo. 1968); *Edwards v. Gerstein*, 363 S.W.3d 155, 165 (Mo. App. 2012).

Assuming, without deciding, that Harley-Davidson and Gateway's release cannot be enforced to protect them against liability for reckless conduct and that Ms. DeCormier sufficiently pleaded the affirmative avoidance of the unenforceability of her release,[1] Harley-Davidson and Gateway were still entitled to summary judgment because Ms. DeCormier failed to meet her burden to show Harley-Davidson and Gateway were reckless. The definition of "recklessness" in the Restatement (Second) of Torts has been long utilized in Missouri cases. *See Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 435 (Mo. banc 1985); *Sharp v. Robberson*, 495 S.W.2d 394, 398 (Mo. banc 1973); *Nichols v. Bresnahan*, 212 S.W.2d 570, 573 (Mo.

---

[1] Harley-Davidson and Gateway assert that they were entitled to summary judgment on the basis of the release because Ms. DeCormier failed to plead the unenforceability of the release as an affirmative avoidance.

1948); *Jordan v. Gen. Growth Dev. Corp.*, 675 S.W.2d 901, 906 (Mo. App. 1984).

Conduct is in reckless disregard of another if the actor:

> [A]ct[s] or fails to do an act which it is [the actor's] duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of . . . harm to the other but also involves a high degree of probability that substantial harm will result to [the other.]

*Nichols*, 212 S.W.2d at 573. (quoting Restatement (Second) of Torts sec. 500 (1965)).

It is undisputed that the MSF training materials used by the instructors stated that "training [should] not be conducted during a thunderstorm, snowstorm, windstorm, [or] with ice on the range." It is also undisputed that "there was rain, drizzle, snow, and mist" in the area on the day Ms. DeCormier was injured, a fact that gives rise to the reasonable inference that there was rain, drizzle, snow, and mist on the range during the course.[2] It is further undisputed that the training was performed according to MSF standards and that those standards require RiderCoaches to continuously observe and evaluate participants. From these facts, it could be concluded that Harley-Davidson and Gateway should have known facts from which a reasonable person would realize that continuing to send out riders to perform motorcycle exercises would create a high degree of probability of substantial harm to the riders.

In opposition to the summary judgment motion, Ms. DeCormier also stated that the track started to become icy and slippery but that, despite those conditions, the

---

[2] To prove the weather conditions on that date, Ms. DeCormier attached to her statement of additional material facts a certified record of river and climatological observations. This record was not a part of the legal file before this Court; however, Harley-Davidson and Gateway admitted to the fact that there was rain, drizzle, snow, and mist on April 13, 2008, in their reply brief, which is a part of the record in this Court.

instructors failed to take any action to remedy the slick and dangerous condition and continued to send riders out on the course to perform exercises. She further stated that the instructors directed her to perform motorcycle exercises in icy and slippery conditions and that, while she was doing so, her bike slipped and landed on her leg, causing her severe injuries. The evidentiary support for these facts cited in her response was defendant's Exhibit A. Harley-Davidson and Gateway's Exhibit A was Ms. DeCormier's petition.

Ms. DeCormier's allegations in her petition are insufficient support for her statement of additional uncontroverted facts. "The purpose of summary judgment is to move the parties beyond the bare allegations in their pleadings . . .." *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. banc 1993). A party cannot rely on its own petition to provide the necessary evidentiary support for additional facts alleged in response to a summary judgment motion. *See Bilyeu v. Vaill*, 349 S.W.3d 479, 482 (Mo. App. 2011). [3]

Accordingly, Ms. DeCormier fails to show a genuine dispute as to whether Harley-Davidson and Gateway intentionally acted or failed to act to cause her injury, which is necessary to show recklessness. *See Nichols*, 212 S.W.2d at 573. Therefore,

---

[3] *Bilyeu* holds that a party citing to its own petition does not comply with the requirements in Rule 74.04(c)(1) to support uncontested facts. 349 S.W.3d at 482. Here, Ms. DeCormier set forth additional facts as allowed by Rule 74.04(c)(2). Nevertheless, because Rule 74.04(c)(2) requires that any additional facts stated in a party's response to a motion for summary judgment be supported in the manner prescribed in Rule 74.04(c)(1), *Bilyeu* is applicable here.

Harley-Davidson and Gateway were entitled to judgment on their affirmative defense of release.

## Conclusion

A party is in reckless disregard of others if the party intentionally acts or fails to act while knowing or having reason to know of facts from which a reasonable person would realize such conduct creates an unreasonably high degree of risk of substantial harm. *Id.* In response to Harley-Davidson and Gateway's motion for summary judgment, Ms. DeCormier did not show a genuine dispute as to whether Harley-Davidson and Gateway were reckless by specifically referencing discovery, exhibits, and affidavits, as a non-moving party is required to do to defeat a summary judgment motion. Rule 74.04(c)(2). Therefore, this Court affirms the circuit court's judgment in favor of Harley-Davidson and Gateway.

_____
PATRICIA BRECKENRIDGE, JUDGE

Russell, C.J., Fischer, Stith and Wilson, JJ., concur; Draper and Teitelman, JJ., dissent.