In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

LEMAY PLACE CONDOMINIUM ) ED109478
ASSOCIATION, )
 ) Appeal from the Circuit Court of
 Respondent, ) St. Louis County
 ) 20SL-CC01919
v. )
 ) Honorable David Lee Vincent III
CORTEZ FRANK, )
 ) Filed: September 21, 2021
 Appellant. )

 Cortez Frank (Appellant) appeals from the trial court’s grant of summary judgment in

favor of Lemay Place Condominium Association (Respondent) on its petition to quiet title to real

property by adverse possession. We reverse and remand.

 BACKGROUND

 Appellant and Respondent own neighboring tracts of land in St. Louis. Appellant

acquired his parcel by quit claim deed on March 27, 2019, which was recorded in the St. Louis

County Records. The record does not reflect the date Respondent became the owner of its

property, or the source of its ownership interest. On February 27, 2020, Appellant unilaterally

recorded a “Permissive Land Use Agreement,” granting Respondent the right to use a portion of

land which he considered his property (Disputed Land).
 On March 26, 2020, Respondent filed a verified petition to quiet title to the same strip of

land by adverse possession. The petition alleged Respondent openly used and maintained a

parking lot, trash container, grass, and landscaping on the Disputed Land since 1997. It further

alleged Respondent “has improved the [Disputed Land] and possessed the same to the exclusion

of all others in a manner which is open, notorious, hostile, continuous and adverse for a period of

more than ten (10) years immediately prior to the filing of this Petition.” Appellant filed his

answer on May 26, 2020, denying these allegations.

 On October 27, 2020, Respondent filed a motion for summary judgment (MSJ) on its

claim for adverse possession, a statement of uncontroverted material facts (SUMF), and a

memorandum in support of its motion pursuant to Rule 74.04. 1 Respondent argued it had gained

title to the Disputed Land by adverse possession as early as 2007. Respondent’s SUMF

enumerated the following eight paragraphs:

 1. [Respondent] is the owner of tracts of land in St. Louis County, Missouri.
 [See MSJ Exhibit A]

 2. Since March 19, 2019, [Appellant] has been the record owner of a
 neighboring tract of land in St. Louis County, Missouri. [See MSJ Exhibit B]

 3. [Appellant’s] parcel and [Respondent’s] parcel overlap with regard to the
 area hereinafter referred to as the “disputed land.” [See MSJ Exhibit D]

 4. [Respondent] has openly used and maintained a parking lot, a trash
 container and grass and landscaping on the disputed land since 1997 when the
 condominium declarant turned over the common elements of the condominium to
 [Respondent]. [See MSJ Exhibits C, D, and F]

 5. [Respondent] has improved the disputed land and possessed the same to the
 exclusion of all others in a manner which is open, notorious, hostile, continuous,
 and adverse for a period of more than ten (10) years immediately prior to the filing
 of this Petition. [See MSJ Exhibit [sic] C, D, and F]

1
 All rule references are to the Missouri Supreme Court Rules (2020).

 2
 6. [Appellant] recorded a document entitled “Permissive Land Use
 Agreement” which creates a cloud and encumbrance upon [Respondent’s] title to
 the disputed land. [See MSJ Exhibit G]

 7. By his own admission in Interrogatories 6 and 7, neither [Appellant] nor his
 predecessors engaged in any actions to maintain, improve, or repair the disputed
 land prior to March 19, 2019. [See MSJ Exhibit H]

 8. When requested to produce receipts, canceled checks or estimates for
 repairs, improvement and maintenance of [Appellant’s] Parcel by [Appellant] or
 [Appellant’s] predecessors in title at any time, he responded: “None.” [See MSJ
 Exhibit H]

 On November 27, 2020, Appellant filed his response to Respondent’s MSJ and SUMF.

Appellant admitted paragraphs 2 and 8, but denied the remainder of Respondent’s SUMF with

citations to various attached exhibits. Appellant’s response included three “additional material

facts,” which were merely citations to his attached exhibits: (1) a boundary description; (2)

Appellant’s affidavit; and (3) an aerial survey.

 After a hearing, the trial court granted Respondent’s MSJ, held that title in the Disputed

Land never vested in Appellant, and ordered Appellant’s Permissive Land Use Agreement be

stricken from the St. Louis County land records.

 This appeal follows.

 DISCUSSION

 Appellant raises three points challenging the trial court’s grant of summary judgment.

First, he argues the trial court erred in granting summary judgment because Respondent’s SUMF

relied on conclusions in its own verified petition and failed to provide particularized facts.

Second, he asserts the trial court erred in granting summary judgment because Respondent failed

to demonstrate its entitlement to judgment as a matter of law by omitting facts showing

Respondent’s intent to maintain actual, hostile, and exclusive possession of the Disputed Land.

Third, he contends the trial court erred in granting summary judgment because the lack of

 3
specific factual evidence in the record necessarily required the court to draw factual inferences in

favor of the moving party, which violates Rule 74.04. We find Appellant’s first point is

dispositive; thus, we will not address points two or three.

 Point I

 In Point I, Appellant argues the trial court erred in granting summary judgment because

Respondent failed to comply with Rule 74.04(c)(1), in that Respondent relied on conclusions in

its own verified petition and lacked any particularized factual discussion of the subjective intent

required to establish the essential elements of adverse possession.

 Standard of Review

 Appellate courts review a trial court’s grant of summary judgment de novo. Green v.

Fotoohighiam, 606 S.W.3d 113, 115 (Mo. banc 2020). Our review of the trial court’s decision

applies the same criteria as the trial court in determining whether summary judgment was proper.

Id. “Summary judgment is only proper if the moving party establishes that there is no genuine

issue as to the material facts and that the movant is entitled to judgment as a matter of law.” Id.

The record below is reviewed in the light most favorable to the party against whom summary

judgment was entered, and that party is entitled to the benefit of all reasonable inferences from

the record. Id. at 116. The following principles of summary judgment guide our review:

 [1] Facts come into a summary judgment record only via Rule 74.04(c)’s numbered-
 paragraphs-and-responses framework. [2] Courts determine and review summary
 judgment based on that Rule 74.04(c) record, not the whole trial court record. [3]
 Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then
 only as cited to support Rule 74.04(c) numbered paragraphs or responses, since
 parties cannot cite or rely on facts outside the Rule 74.04(c) record. [4] [S]ummary
 judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of
 law from appropriate Rule 74.04(c) numbered paragraphs and responses alone.

Id. at 117 (quoting Jones v. Union Pac. R.R. Co., 508 S.W.3d 159, 161 (Mo. App. S.D. 2016))

(emphasis in original).

 4
 Analysis

 To acquire title by adverse possession, the claimant must prove by a preponderance of the

evidence that the possession was: (1) hostile; (2) actual; (3) open and notorious; (4) exclusive;

and (5) continuous for a period of ten years before commencement of the action. Kinder v.

Calcote, 537 S.W.3d 379, 384 (Mo. App. W.D. 2018). The element of “actual possession”

requires evidence showing the present ability to control the land and the intent to exclude others

from control. Fandel v. Empire Dist. Elect. Co., 393 S.W.3d 100, 104 (Mo. App. S.D. 2013).

 Courts have historically been hesitant to resolve claims of adverse possession by

summary judgment because such claims are heavily factual. Bilyeu v. Vaill, 349 S.W.3d 479,

483 (Mo. App. S.D. 2011). Indeed, the fact-intensive nature of adverse possession claims is

magnified by Rule 74.04(c)(1)’s requirement that the SUMF state the material facts with

particularity and provide “specific references to the pleadings, discovery, exhibits or affidavits

that demonstrate the lack of a genuine issue as to such facts.” 2 The requirement to show proof of

the claimant’s intent in possessing the disputed land makes it “difficult to conceive of a

circumstance where a claimant asserting adverse possession could succeed upon his or her claim

through the mechanism of summary judgment.” Rodgers v. Threlkeld, 80 S.W.3d 532, 534 (Mo.

App. W.D. 2002).

 As the movant, Respondent had the burden to demonstrate uncontroverted facts which

entitled it to judgment as a matter of law on its claim of adverse possession. Green, 606 S.W.3d

at 115. The summary judgment record reveals that Respondent failed to meet this difficult

burden. This conclusion is easily reached by the dearth of particular facts and the abundance of

2
 Rule 74.04(c)(1)’s reference to “pleadings” generally applies to an opposing party’s pleading that admits certain
facts as true. Bilyeu, 349 S.W.3d at 482 n.4.

 5
conclusions contained in Respondent’s SUMF. Specifically, paragraphs four and five of

Respondent’s SUMF fail to establish the elements they purport to prove.

 Paragraph four of Respondent’s SUMF provides, “[Respondent] has openly used and

maintained a parking lot, a trash container and grass and landscaping on the disputed land since

1997 when the condominium declarant turned over the common elements of the condominium to

[Respondent].” Respondent cited three exhibits which allegedly support the multiple factual

propositions contained in paragraph four. First, it cited its own verified petition as evidentiary

support, presumably because paragraph four of Respondent’s SUMF parrots the language of

paragraph seven of its petition.3 However, an allegation from one’s own verified petition is not

sufficient documentation to support a statement of uncontroverted fact. Bilyeu, 349 S.W.3d at

482.

 Paragraph four of Respondent’s SUMF also cited two other documents: a survey

drawing representing the Disputed Land, and a collection of what appear to be aerial

photographs of the area surrounding the Disputed Land from the mid to late 1990s. The survey

drawing and aerial photographs do not in any way support paragraph four’s factual proposition

that Respondent openly used and maintained a parking lot, trash container, grass, and

landscaping on the Disputed Land. These latter two exhibits do little more than define the

location and certain physical aspects of the Disputed Land; they do not prove that Respondent

ever actually used or maintained the Disputed Land. Since paragraph four of Respondent’s

SUMF is not supported by any of the documents it specifically referenced, it fails to comply with

Rule 74.04(c)(1), and must be disregarded.

3
 Paragraph seven of Respondent’s verified petition alleges, “Plaintiff has openly used and maintained a parking lot,
a trash container and grass and landscaping on the disputed land since 1997 when the condominium declarant turned
over the common elements of the condominium to Plaintiff.”

 6
 Paragraph five of Respondent’s SUMF relies upon the same three exhibits as paragraph

four as support for the following proposition, “[Respondent] has improved the disputed land and

possessed the same to the exclusion of all others in a manner which is open, notorious, hostile,

continuous, and adverse for a period of more than ten (10) years immediately prior to the filing

of this Petition.” Clearly, this “fact” is nothing but a thinly veiled recitation of the elements of

adverse possession. Conclusory statements such as these cannot be used to support summary

judgment. Jordan v. Peet, 409 S.W.3d 553, 560-61 (Mo. App. W.D. 2013). “A conclusion must

be supported by facts that provide the basis for that conclusion, that is, ‘facts that demonstrate

how or why’ the conclusion is reached.” Id. at 560 (citing Westphal v. Lake Lotawana Ass’n,

Inc., 95 S.W.3d 144, 152 (Mo. App. W.D. 2003)). Nothing in the summary judgment record

here demonstrates how or why Respondent reached the conclusion it did in paragraph five of its

SUMF. The vague and conclusory language in paragraph five does not provide sufficient

particularity to satisfy the requirements of Rule 74.04(c)(1). Therefore, it too must be

disregarded in deciding whether Respondent met its burden.

 The remaining six paragraphs in Respondent’s SUMF are insufficient to establish the

elements of adverse possession. Namely, none of them establish Respondent’s actual possession

of the Disputed Land – nothing demonstrates Respondent’s ability to control the Disputed Land

or intent to exclude others from controlling it. See Fandel, 393 S.W.3d at 104. Respondent’s

failure to demonstrate its actual possession of the Disputed Land alone means Respondent did

not establish it was entitled to judgment as a matter of law on its claim of adverse possession.

Moreover, we need not address every element Respondent failed to prove, as its failure to prove

one defeats its right to judgment. See Smith v. Maryland Cas. Co., 500 S.W.3d 244, 250 (Mo.

App. S.D. 2005). Thus, the trial court erred in granting summary judgment.

 7
 CONCLUSION

The judgment of the trial court is reversed and remanded for further proceedings.

 ____________________________________
 Lisa P. Page, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J., concur.

 8