

## MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

THE SWITZER LIVING TRUST, U/A ) 
DATED FEBRUARY 5, 2019, BY AND )
THROUGH ALAN T. SWITZER & ) WD86307
GAYLE L. SWITZER, AS CO-TRUSTEES, )
  )
  ) OPINION FILED:
      Appellants, )
v. ) April 9, 2024
  )
LAKE LOTAWANA ASSOCIATION, )
INC., ET AL., )
  )
      Respondents. )
  )

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Marco A. Roldan, Judge**

**Before Division Two: Anthony Rex Gabbert, Presiding Judge,**
**Karen King Mitchell, Judge, and Janet Sutton, Judge**

Switzer Living Trust U/A dated February 5, 2019, by and through Alan T. Switzer and

Gayle L. Switzer, as Co-Trustees (Switzer Trust), appeal a judgment from the Jackson County

Circuit Court (trial court) granting summary judgment in favor of the City of Lake Lotawana and

the City of Lake Lotawana Planning and Zoning Commission (collectively referred to as the

City), and the Lake Lotawana Association, Inc., (the Association) on Switzer Trust's claims for

damages.[1] Switzer Trust filed suit alleging procedural and substantive due process violations for the City's handling of a plot amendment application and the subsequent approval of the application, and against the Association for breach of a duty Switzer Trust claims it owed them by not enforcing certain deed restrictions against Bowen Trust. We affirm.

## Factual and Procedural Background[2]

This matter arises out of the construction of a new home on real property owned by the Bowen Trust located in Lake Lotawana, Missouri. The Bowen Trust owns the real property with the recorded legal description of Lake Lotawana, Block X, Lots 19A and 19B. Switzer Trust owns the real property located at Lake Lotawana, Missouri, adjacent to the Bowen Trust's lot. On September 12, 2018, the Bowen Trust filed a plat amendment application proposing to replat Lot 19 by combining Tracts 1 and 2 of that lot into a consolidated plat so as to create Lot 19A of Block X of Lake Lotawana. Lake Lotawana City Code section 405.250 provides for the amendment of plats including the process for combining two lots into a single consolidated lot, while City Code section 415.080 provides for the merging of lots.

On October 10, 2018, the City's Planning and Zoning Commission held a meeting to consider Bowen Trust's application for plat amendment. Notices of meetings of the City's Planning and Zoning Commission under Lake Lotawana City Code section 400.120.D.4 are to be posted at least three days before any meeting, and no individualized notices are required. The

---

[1] On April 21, 2023, the trial court issued an order and judgment granting the Association's motion for summary judgment, and on April 26, 2023, it issued a separate order and judgment granting the City's motion for summary judgment.

[2] "When reviewing the entry of summary judgment, we view the record in the light most favorable to the party against whom the judgment was entered and accord the non-movant all reasonable inferences from the record." *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 604 n.2 (Mo. App. W.D. 2022) (citing *Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020)).

top sheet of a "board packet" that was provided to the Planning and Zoning Commission before the October 10, 2018, meeting bore a stamp that indicated, "Posted On Bulletin Board at City Hall" with a notation that this was completed on October 5, 2018, at 4:20 p.m. The City's Planning and Zoning Commission recommended approval of Bowen Trust's application for plat amendment.

On January 22, 2019, the City's Board of Alderman held a meeting to consider the Zoning Commission's recommendation to approve Bowen Trust's application and final amended plat of Lot 19A.[3] Notices of meetings of the City's Board of Alderman are required to be posted in City Hall at least twenty-four hours before the scheduled meeting under City Code section 120.140.B., and no individual notices are required under City Code section 400.120.D4. The City's Board of Alderman adopted the Zoning Commission's recommendation to approve Bowen Trust's application and final amended plat of Lot 19A.

On April 30, 2021, Switzer Trust filed a petition for damages against the City and the Association. Switzer Trust brought the following claims against the City: (1) procedural and substantive due process violations for failing to provide Switzer Trust notice of the Planning and Zoning Commission's meeting on October 10, 2018; (2) procedural and substantive due process violations for failing to provide Switzer Trust notice of the January 22, 2019, meeting, where the Bowen Trust's lot combination was approved; (3) and violations of section 89.410, section 71.010, 42 USC section 1983, and the U.S. Constitution. Switzer Trust alleged, *inter alia*, that it

---

[3] It is unclear from the record before us the exact date of the Board of Alderman's meeting. Switzer Trust's original petition alleged the meeting took place on January 22, 2019, and the City admitted this in its answer. Some of the summary judgment filings, however, state that the meeting took place on January 27, 2019, or on January 29, 2019. The briefing on appeal perpetuates this date discrepancy. We have been unable to locate a document in the legal file that could definitively answer when the Board of Alderman's meeting took place, but we will refer to this meeting as the "January 22, 2019, meeting" for the remainder of this opinion.

was damaged because its lakefront view was impacted and it suffered a loss in value and in use of its property. The petition also included one count against the Association, alleging the Association breached its duty to Switzer Trust by failing to enforce its deed restrictions, specifically a twenty-five-foot setback requirement, against Bowen Trust.

In July 2021, the Association filed a motion to dismiss for failure to state a claim or, in the alternative, motion for more definite statement, and the trial court entered an order sustaining the Association's motion for more definite statement, requiring Switzer Trust to amend its petition. On August 17, 2021, Switzer Trust filed its first amended petition for damages against the Association stating two causes of action (1) breach of a contractual duty to a third-party beneficiary and (2) negligence.[4]

On December 4, 2022, the Association filed a motion for summary judgment with accompanying suggestions in support. The Association contended that, after an adequate period of discovery, the uncontroverted material facts demonstrated that there was no evidence establishing that the Association owed any duty to Switzer Trust and/or breached any duty it may have owed to Switzer Trust, either under a theory of general negligence, or under an alleged contract between Switzer Trust and the Association. Therefore, the Association argued it was entitled to judgment as a matter of law on Switzer Trust's first amended petition for damages. Pursuant to Rule 74.04, the Association included a statement of uncontroverted material facts with its motion.

Switzer Trust filed a response to the Association's motion for summary judgment, responded to the Association's statement of uncontroverted material facts, and alleged additional

---

[4] Switzer Trust's amended petition stated that it was only directed to those causes of action against the Association and that all other allegations set forth in Switzer Trust's original petition against the City were not amended, but incorporated by reference.

purportedly material facts. Switzer Trust argued that the Association had a duty to Switzer Trust and it breached that duty by issuing Bowen Trust two building permits in violation of deed restrictions that required a twenty-five-foot lake side setback, and that the Association was not entitled to judgment as a matter of law.

The Association then filed its reply in support of its motion for summary judgment and response to Switzer Trust's statement of additional material facts. In its response to Switzer's statement of additional material facts, the Association objected numerous times to Switzer Trust's citations as improper because the citations were to Switzer Trust's amended petition and to a self-serving affidavit.

On December 6, 2022, the City filed a motion for summary judgment, with accompanying suggestions in support. Pursuant to Rule 74.04, the City included with its motion a statement of uncontroverted material facts. In its motion for summary judgment, the City contended that, after an adequate period of discovery, the uncontroverted material facts demonstrated that the City had immunity from a suit for damages as pled by Switzer Trust, that no individualized notice was due to Switzer Trust of the meetings on October 10, 2018, and January 22, 2019, and that Switzer Trust had no actionable claim related to the obstruction of its lake view. Therefore, it argued, the City was entitled to judgment as a matter of law on Switzer Trust's petition for damages.

With respect to the City's motion for summary judgment, Switzer Trust filed its response, responded to the City's statement of uncontroverted material facts, and alleged additional purportedly material facts. Switzer Trust argued that the City was not entitled to sovereign immunity because it did not allege a tort action, but rather an action alleging a denial of its

constitutional rights to substantive and procedural due process.[5] Switzer Trust further argued

summary judgment was "improper" because section 89.050 RSMo and Lake Lotawana city

ordinance section 405.020 required that Switzer Trust receive notice by mail, publication, and by

posting of a sign on the street frontage of Lot 19A for a plat amendment. Switzer Trust argued

that it was entitled to "greater notice" than that of the general public. Switzer Trust contended

that its procedural and substantive due process rights were violated by the City's failure to

provide such notice. Finally, Switzer Trust argued that it had a protected property interest with

lake frontage setbacks on neighboring property "which obstruct [Switzer Trust's] view and

devalue [the] property and [its] enjoyment of the property."

The City filed a reply responding to Switzer Trust's statement of additional facts. The

City requested to strike almost all of Switzer Trust's additional uncontroverted material facts as

noncompliant with Rule 74.04 because the support for such facts were legal conclusions not

supported by affidavit or other authenticated documents.[6]

---

[5] As the Supreme Court of Missouri has recognized:

> Section 537.600 deals *solely* with the State's sovereign immunity from liability *in tort*, stating: "Such *sovereign or governmental tort immunity* as existed at common law in this state prior to September 12, 1977, except to the extent waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect, except that, the immunity of the public entity *from liability* and *suit for compensatory damages for negligent acts or omissions* is hereby expressly waived in the following [circumstances]. . . ." As is evident, section 537.600 expressly states it applies *only* to suits in tort.

*Kubley v. Brooks*, 141 S.W.3d 21, 29 (Mo. banc 2004) (quoting § 537.600.1).

[6] Several of Switzer Trust's additional uncontroverted material facts improperly relied only upon its petition as evidentiary support. Switzer Trust's allegations in its petition were insufficient support for its statement of additional material facts. *DeCormier v. Harley-Davidson Motor Co. Grp., Inc.*, 446 S.W.3d 668, 672 (Mo. banc 2014). "The purpose of summary judgment is to move the parties beyond the bare allegations in their pleadings . . . ." *Id.* (quoting *Martin v. City of Washington,* 848 S.W.2d 487, 491 (Mo. banc 1993)). *See also Bilyeu v. Vaill,*

The trial court granted the Association and the City's motions for summary judgment, although it did not state the grounds for granting the motions.

Switzer Trust appeals.

## Standard of Review

The grant of summary judgment is an issue of law that an appellate court reviews *de novo*. *Green v. Fotoohighiam*, 606 S.W.3d 113, 115 (Mo. banc 2020); *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 607 (Mo. App. W.D. 2022). When we do not know the reasons the trial court granted a motion for summary judgment, "we will affirm a grant of summary judgment if the decision is correct 'under any theory supported by the record developed below and presented on appeal.'" *Kesterson v. Wallut*, 157 S.W.3d 675, 679 (Mo. App. W.D. 2004) (citation omitted).

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law . . . ." Rule 74.04(c)(6).[7] "When reviewing the entry of summary judgment, we view the record in the light most favorable to the party against whom the judgment was entered and accord the non-movant all reasonable inferences from the record." *Show-Me Inst.*, 645 S.W.3d at 604 n.2. A defending party may establish a right to summary judgment if it can show one of the following:

> (1) facts negating any one of the [plaintiff's] elements necessary for judgment; (2) that the [plaintiff], after an adequate period of discovery, has not been able to— and will not be able to—produce evidence sufficient to allow the trier of fact to find the existence of one of the [plaintiff's] elements; or (3) facts necessary to support [its] properly pleaded affirmative defense.

---

349 S.W.3d 479, 482 (Mo. App. S.D. 2011) (stating that a party cannot rely on its own verified petition to provide the necessary evidentiary support for statements of uncontroverted facts).

[7] All rule references are to Missouri Supreme Court Rules unless otherwise indicated.

*Id*. at 607. As we discuss in more detail *infra*, our "review of summary judgment is limited to the undisputed material facts established in the process set forth in Rule 74.04(c); we do not review the entire trial court record." *Bracely-Mosley v. Hunter Engineering, Co.*, 662 S.W.3d 806, 810 (Mo. App. E.D. 2023). *See Lackey v. Iberia R-V Sch. Dist.*, 487 S.W.3d 57, 60 (Mo. App. S.D. 2016) ("[O]ur review is confined to the same facts and does not extend to the entire record before the trial court.").

### Legal Analysis

Switzer Trust raises two points on appeal, challenging the trial court's grant of summary judgment in favor of the City and the Association. In its first point, Switzer Trust argues that the trial court erred in granting summary judgment in favor of the City because Switzer Trust argues the City failed to follow certain Missouri statutes and Lake Lotawana city codes in adopting Bowen Trust's amended plat plan. Switzer Trust argues that the City failed to provide it notice and conduct a public hearing as required, that the City approved the amended plat application in violation of a twenty-five-foot setback requirement of the City's building code, and that this violated Switzer Trust's procedural and substantive due process rights. In its second point on appeal, Switzer Trust argues that the trial court erred in granting the Association's motion for summary judgment because it argues the Association's deed restrictions required a twenty-five-foot setback on lake front buildings, that the Association is obligated to enforce those restrictions, and that a permit was issued to Bowen Trust violating this restriction. In its second point, Switzer Trust also contends that the Lake Improvement Board was obligated to review building permits, provide certain notice, and that the Association did not follow such procedure.

Because Switzer Trust's brief does not properly state the material facts, we revisit the summary judgment procedure and our briefing requirements.

8

"Summary judgment is based on facts established pursuant to a movant's statement of uncontroverted material facts under Rule 74.04(c)(1), and the non-movant's responses under Rule 74.04(c)(2)." *Bracely-Mosley*, 662 S.W.3d at 810.

> The movant's statement of uncontroverted material facts must state with particularity each material fact as to which the movant claims there is no genuine issue, with specific references to supporting pleadings, discovery, exhibits or affidavits. Rule 74.04(c)(1). The non-movant's response must either admit or deny, with specific references to discovery, exhibits, or affidavits demonstrating specific facts showing there is a genuine issue, each of the movant's statements of fact. Rule 74.04(c)(2). If the non-movant does not properly deny a statement of fact, that fact is deemed admitted. *Id.* If the non-movant files a statement of additional material facts, the process repeats itself, but with the non-movant stating material facts, supported in the same manner, to which the movant must respond. Rule 74.04(c)(2)-(3).

*Id.* Compliance with Rule 74.04 is mandatory. *Cox v. Callaway Cnty. Sheriff's Dept*, 663 S.W.3d 842, 848 (Mo. App. W.D. 2023).

"Our *de novo* standard of review means that we look at the summary judgment issues presented on appeal as the trial court should have initially under Rule 74.04" giving no deference to the trial court's ruling. *Great S. Bank v. Blue Chalk Const.*, 497 S.W.3d 825, 834 (Mo. App. S.D. 2016). This Court's review of summary judgment is limited to the undisputed material facts established in the Rule 74.04(c) process; we do not review the entire trial court record. *Bracely-Mosley*, 662 S.W.3d at 810. *See also Green*, 606 S.W.3d at 117. Further, we "look exclusively to the step-by-step procedure mandated by Rule 74.04 to determine whether there is a genuine issue of material fact." *Bracely-Mosley*, 662 S.W.3d at 810.

We turn first to the requirements of an appellant's statement of facts. According to Rule 84.04(c), an appellant's brief must include "a fair and concise statement *of the facts relevant to the questions presented for determination* without argument." (Emphasis added). Considering that the trial court adjudicated this case by summary judgment, "the facts on which the trial court

based its decision were those established pursuant to Rule 74.04(c)(1) and (2)," and, in our review, we must "scrutinize those facts." *Chopin v. Am. Auto. Ass'n of Mo.*, 969 S.W.2d 248, 251 (Mo. App. S.D. 1998). The statement of facts, therefore, in Switzer Trust's brief should have set forth the material facts established by Rule 74.04(c)(1) and (2) with reference to the pages in the legal file where such facts were established. *See id.*

Switzer Trust instead sets forth a deficient account of the facts that does not correspond to the factual statements in the consecutively numbered paragraphs required by Rule 74.04(c).[8] *See Pemscot Cnty. Port Auth. v. Rail Switching Servs. Inc.*, 523 S.W.3d 530, 533 (Mo. App. S.D. 2017); *Chopin*, 969 S.W.2d at 251. Switzer Trust does not cite or make any reference to any particular numbered paragraph of material fact established in the summary judgment record.

> A statement of facts that does not identify: (1) the material facts established by a party's motion for summary judgment and the party opposing the motion for summary judgment's response, or (2) the material facts, if any, pled in the motion for summary judgment properly denied by the opposing party's response, violates Rule 84.04(c).

*Fleddermann v. Casino One Corp.*, 579 S.W.3d 244, 248 (Mo. App. E.D. 2019) (citation omitted). Here, we cannot determine from Switzer Trust's statement of facts in its brief which material facts were established by the City and the Association's motions, nor can we determine which material facts, if any, pled by the City and the Association's motions were properly denied by Switzer Trust's responses.

Switzer Trust's failure to present the uncontroverted material facts in its statement of facts is fatal to its appeal because we cannot sift through the entire record in an attempt to identify disputed issues, as it would cause us to impermissibly act as an advocate for a party.

---

[8] The City points out this deficiency in its brief to this Court, stating that Switzer Trust's statement of facts "contains many facts which were not properly before the trial court due to [Switzer's Trust's] failure to follow Missouri Supreme Court Rules 74.04(c)(1) and (c)(2)."

*Fleddermann*, 579 S.W.3d at 249. *See also Bracely-Mosley*, 662 S.W.3d at 811 (stating that "[a] statement of facts that fails to identify the material facts established by a motion for summary judgment, or properly denied by the opposing party's response, violates Rule 84.04(c).").

Switzer Trust had the duty "to define the scope of the controversy by stating the relevant facts fairly and concisely." *Chopin*, 969 S.W.2d at 251. Switzer Trust's failure to identify the relevant facts established by Rule 74.04 violates Rule 84.04(c) and justifies dismissal or denial of its points. *See Pemiscot*, 523 S.W.3d at 534. *See also Exec. Bd. of Mo. Baptist Convention v. Windermere Baptist Conf. Ctr., Inc.*, 430 S.W.3d 274, 284-86 (Mo. App. S.D. 2014) (affirming a trial court's grant of summary judgment when an appellant's statement of facts in its brief did not set forth the material facts established by Rule 74.04(c)(1) & (2), along with the pages in the legal file where such facts were established, thereby impeding appellate review).

We now turn to an additional procedural defect in Switzer Trust's brief, its argument portion under both points. Because of our *de novo* review, we must look to the issues presented as the trial court would have initially under Rule 74.04. *Blue Chalk*, 497 S.W.3d at 834. "Therefore, a relevant, cogent, and logical argument on appeal that a genuine issue exists as to a particular material fact must necessarily track the Rule 74.04 requirements . . . ." *Id.* "The same is true where an appellant urges that relevant uncontroverted facts prevent the entry of summary judgment as a matter of law." *Cox*, 663 S.W.3d at 849. "[A]ny court—whether it be the circuit court addressing summary judgment in the first instance or an appellate court reviewing an entry of summary judgment—need only consult what was properly put before it by way of Rule 74.04(c) paragraphs and responses." *Id.* (quoting *Green*, 606 S.W.3d at 121).

Here, Switzer Trust makes no such cogent argument—that a genuine issue as to a particular material fact tracking the Rule 74.04 requirements or that the relevant uncontroverted

11

facts prevent the entry of summary judgment as a matter of law—in its argument or either of its points. In fact, it is unclear whether Switzer Trust's argument is either that there are material facts in dispute that precluded the entry of summary judgment in favor of the City or the Association, or that despite uncontroverted facts, the entry of summary judgment in favor of the City or the Association was improper as a matter of law. We will not search the record to determine the uncontroverted facts and craft an argument utilizing these for Switzer Trust, because to do so would exceed the limits of *de novo* review and we would be doing the work of an advocate on appeal.

Like its statement of facts, Switzer Trust's argument lacks any reference to or mention of specific Rule 74.04(c) paragraphs and responses to support its contention that summary judgment was improperly granted against it. Instead, Switzer Trust cites only to three categories of documents—its petitions for damages, exhibits attached to the summary judgment filings, and exhibits to its appellate brief—to support its argument that the circuit court erred in granting summary judgment to the City and the Association. Switzer Trust's brief does not direct this Court to specific Rule 74.04(c) paragraphs and responses in the summary judgment record to support its contentions. Instead, Switzer Trust "makes conclusory factual statements, or *refers generally to exhibits* and affidavits attached to summary judgment pleadings, without connecting the assertions or references to uncontroverted facts." *Malin v. Mo. Ass'n of Cmty. Task Forces*, 669 S.W.3d 315, 322 n.4 (Mo. App. W.D. 2023) (emphasis added). Arguments like these that are completely disconnected from any particular numbered paragraph in the summary judgment record as required by Rule 74.04 are "analytically useless" to our review. *Id.*

Without referring to Rule 74.04(c) paragraphs and responses, we do not know whether the exhibit references relied on by Switzer Trust in its brief were, in fact, cited in a Rule 74.04(c)

12

paragraph or response. This is critical because "[f]acts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." *Green*, 606 S.W.3d at 117 (citation omitted).

As we have stated in *Cox*:

[I]nformation in an exhibit attached to summary judgment pleadings that is not cited expressly in a Rule 74.04(c) paragraph or response is immaterial, as "summary judgment principles require a court to 'determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate [movant's] right to judgment *regardless of other facts or factual disputes.*'"

663 S.W.3d at 850 (citation omitted). To determine whether the exhibit references in Switzer Trust's brief are cited in Rule 74.04(c) paragraphs or responses, "we would be required to impermissibly act as an advocate for a party by sift[ing] through the entire record to identify whether disputed or undisputed issues prevent the entry of summary judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). This Court will not engage in this exercise because allowing courts to look outside the Rule 74.04(c) paragraphs and responses to find issues of material fact would exceed the limits of *de novo* review. *Blue Chalk*, 497 S.W.3d at 835.

While exhibits, affidavits, and discovery are "material with a critical *supporting* role in our numbered-paragraphs-and-responses framework," we cannot "sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion" without impermissibly acting as an advocate for a party. *Lackey*, 487 S.W.3d at 62. *See also Green*, 606 S.W.3d at 117 ("Affidavits, exhibits, discovery, etc. generally play only a secondary role, and then only as cited to support Rule 74.04(c) numbered paragraphs or responses, *since parties cannot cite or rely on facts outside the Rule 74.04(c) record.*"). We ourselves tried to glean enough from the record to

13

analyze Switzer Trust's points. However, "[p]redictable difficulties and, eventually, neutrality considerations led us to abandon that effort." *Pemiscot*, 523 S.W.3d at 534. Further, it is not our "duty to search the record for facts that might substantiate a point on appeal." *Id.*

Switzer Trust has not demonstrated that genuine issues of material fact remain in dispute or that the uncontroverted facts prevent the entry of summary judgment as a matter of law so as to preclude summary judgment in favor of either the City or the Association. *See, e.g.*, *Blue Chalk*, 497 S.W.3d at 834 (affirming the grant of summary judgment where "completely untethered from any particular numbered paragraph material fact in the summary judgment record or any specific reference in any such numbered paragraph as an exhibit, Appellants generally cite [ninety-six] times directly to exhibits attached to [movant's] statement of uncontroverted material facts or their response to that statement and five times to [movant's] response to Appellants' motion for partial summary judgment."); *Schnurbusch v. W. Plains Reg'l Animal Shelter*, 571 S.W.3d 191, 202-03 (Mo. App. S.D. 2019) (affirming the grant of summary judgment where an appellant's points and support arguments were "totally devoid of any reference to or mention of any particular numbered paragraph material fact in the summary judgment record that they denied in their response and that they now claim is genuinely at issue.").

Accordingly, Switzer Trust has provided no legal basis for this Court to conclude that the trial court improperly granted summary judgment in favor of the City or the Association on the claims raised in Switzer Trust's petitions. Switzer Trust's points on appeal are denied.

14

## Conclusion

The trial court's judgments granting summary judgment to the City and the Association are affirmed.

Janet Sutton, Judge

Anthony Rex Gabbert, P.J., and Karen King Mitchell, J. concur.